IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| LORENA MINIX, BRENDA SIMS, And LINDA SIMS, | ) ) ) |
| PLAINTIFFS, | ) ) |
| v. | ) CIVIL ACTION NO. 3:05CV685-M ) ) Jury Trial Demanded |
| JELD-WEN, INC. and RICHARD FETNER, | ) ) ) |
| DEFENDANTS. | ) ) |

## COMPLAINT

### I. JURISIDICTION

1.   This is an action for legal and equitable relief to redress discrimination in employment on the basis of sex. This action arises under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Sec. 2000e et. seq.; the Civil Rights Act of 1991, and 42 U.S.C. Sec. 1981(a).

2.   This action also contains an accompanying supplementary state law claim for intentional infliction of emotional distress.

3.   The Court has jurisdiction of the subject of this action pursuant to 28 U.S.C. Sec. 1331, 1343(a)(4), 2201 & 2202, and 42 U.S.C. Sec. 2000e-5(f)(3).

### II.   PARTIES

4.   Plaintiffs, Lorena Minix, Brenda Sims, and Linda Sims, are all female citizens of the United States and over the age of nineteen years. Plaintiffs reside in Randolph

County, Alabama, and all Plaintiffs were employees within the meaning of Sec. 701 (f) of Title VII of 42 U.S.C. Sec. 2000e-5(f)(3).

5. Upon information and belief Defendant Jeld-Wen, Inc., operates a business in this judicial district, or did operate a business in this judicial district at the relevant time frame of this Complaint, and is headquartered in Klamath Falls, Oregon.

6. Defendant Jeld-Wen, Inc., is an employer within the meaning of Sec. 701(b) of Title VII, 42 U.S.C. Sec. 2000e(b).

7. Upon information and belief, Richard Fetner was the supervisor to all of the Plaintiffs at the relevant time period, and was an agent of Defendant Jeld-Wen Mill Works. Defendant Fetner acted within the line of scope of his authority and used his authority in management position and was personally involved in the unlawful discriminatory practices alleged herein.

### III.   ALLEGATIONS OF FACT

8. From 1996, until 1999, then from September 2004 through November 2004 Plaintiff Lorena Minix was an employee of the Defendant.

9. During Plaintiff Lorena Minix's first tenure with Defendant Jeld-Wen, she was harassed by a co-worker named Ronald Bowen.

10. When she was rehired in September, 2004, Mr. Bowen was still working with the company.

11. Bowen began staring at Plaintiff Lorena Minix and making comments to her of a sexually harassing nature.

12. Plaintiff Lorena Minix complained to Defendant Fetner, who took no action.

13.  On one occasion, Bowen hid behind one of the machines in the work place and masturbated in Plaintiff Lorena Minix's presence.

14.  Defendant Fetner made remarks to Plaintiff Lorena Minix in the workplace including "I'd eat you from head to toe", "You look good enough to eat" and "Where should I start."

15.  From May, 2004 through November 2004, Plaintiff Brenda Sims was an employee of the Defendant Jeld-Wen.

16.  Plaintiff Brenda Sims was subjected to the following conduct: One week after beginning her employment, Plaintiff Brenda Sims was told "We need to get together" by Defendant Fetner.

17.  Defendant Fetner also requested that Plaintiff Brenda Sims come by his house. Notwithstanding the fact that Plaintiff Brenda Sims indicated she was married, Defendant Fetner continued to pursue her, including rubbing her leg at work, putting his arm around her and touching her breast, putting his hand on her waist and squeezing her breast on a separate occasion, as well as other invitations to come by his house.

18.  From April 2004 through November 2004, Plaintiff Linda Sims was an employee of Defendant Jeld-Wen.

19.  Plaintiff Linda Sims was subjected to the following by Defendant Fetner: Only two weeks after beginning work, Defendant Fetner began asking Plaintiff Linda Sims out on dates; Plaintiff Linda Sims always refused.

20.  Defendant Fetner called Plaintiff Linda Sims at her home.

21.  Defendant Fetner asked Plaintiff Linda Sims to come to his home to pick out carpet for his bedroom.

22.  Defendant Fetner, at work, repeatedly walked up behind Plaintiff Linda Sims and grabbed her around the waist and pulled her to his side.

23.  Defendant Fetner walked up behind Plaintiff Linda Sims and said "Are you as sweet as you look".

24.  On one occasion, Defendant Fetner cornered Plaintiff Linda Sims in the office, and grabbed her around the waist from behind.

25.  On another occasion, Defendant Fetner walked up behind Plaintiff Linda Sims and said "You can't be your age and have moves like that."

26.  On another occasion, Defendant Fetner, referred to a part of Plaintiff Linda Sims' anatomy as follows, "Your butt looks like basketballs and I want to go dribbling."

27.  On another occasion, Defendant Fetner said to Plaintiff Linda Sims "One of your basketballs looks deflated. I have a needle and want to pump it up."

28.  Defendants' actions where committed with malice or with reckless indifference to the federally protected civil rights of all the Plaintiffs.

29.  Plaintiffs' terms and conditions of employment were tainted with sexual harassment.

30.  All Plaintiffs were continuously sexually harassed by Defendant Fetner and said harassment was severe and pervasive.

31.  The harassment was such that the terms and conditions of all Plaintiffs were altered and a discriminatorily abusive working environment ensued based upon the actions of Defendants.

32.  The sexual harassment alleged was in violation Title VII of the Civil Rights Acts of 1964. The harassment was also intentional and in violation of 42 U.S.C. 1981(a).

33.  As a result of Defendants' unlawful conduct, Plaintiffs have suffered, and are continuing to suffer, and will in the future suffer, great and irreparable loss and injury, including but not limited to economical losses, humiliation, embarrassment, emotional distress, and depravation of their civil rights.

### IV.  CLAIM ONE – TITLE VII AND 42 U.S.C. 1981(a)

34.  Plaintiffs adopts and realleges Paragraphs 1-33 above, as if set out in full herein.

35.  Plaintiffs filed separate charges of discrimination with the Equal Employment Opportunity Commission.

36.  The conduct of Defendants violated Plaintiffs' right guaranteed by Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Sec. 2000e et seq., and 42 U.S.C. Sec. 1981(a), in particular the right not to be discriminated against on the basis of gender to be free from a hostile work environment and free from sexual harassment, with respect to terms, conditions, and privileges of employment.

### V.  CLAIM TWO-SECTION 1981(a)

37.  Plaintiffs reallege paragraphs 1-36 as if set forth here in full.

38.  The conduct of Defendants violated Plaintiffs' rights guaranteed by the Civil Rights Act of 1991, 42 U.S.C. Sec. 1981(a).

### VI. CLAIM THREE – TORT OF OUTRAGE (INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS)

39.  Plaintiffs reallege paragraphs 1-38 as if set forth here in full.

40.  This claim is a supplemental state law claim brought pursuant to common laws of the State of Alabama for recovery for the tort of outrage and/or intentional infliction of emotional distress.

**41.** While employees of the Defendant, Plaintiffs suffered at the hands of Defendant Fetner intentional infliction of emotional distress as discussed <u>infra</u>.

**42.** Defendants' said actions towards to the Plaintiffs were so outrageous in character, and so extreme in degree as to go beyond all possible bounds of decency, and are atrocious and utterly intolerable in a civilized society.

**43.** The emotional distress that Defendants caused Plaintiffs to suffer was so severe that no reasonable person could be expected to endure it.

## VII.    PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs pray that the Court will grant them the following relief:

**A.** Issue a declaratory judgment declaring that the wrongs complained of herein violate the rights of Plaintiffs guaranteed by Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Sec. 2000e <u>et</u> <u>seq</u>., and 42 U.S.C. Sec. 1981(a).

**B.** Enter a permanent injunction or other injunctive relief-enjoining Defendants from maintaining or continuing any customs, policies, patterns, practices, or actions which operate to discriminate on the basis of gender.

**C.** Awarding Plaintiffs compensatory and punitive damages, including pre-judgment interest.

**D.** Retain jurisdiction of this action for a sufficient time to ensure full compliance with the remedial decree requested herein.

**E.** Award Plaintiffs their costs incurred in this case, together with reasonable attorney's fees and pre-judgment interest, pursuant to applicable federal law.

F.  Grant such additional and further relief as the Court may deem just and equitable under the circumstances.

Respectfully submitted this the 25th day of July, 2005.

_____
James B. Douglas, Jr.
Attorney for Plaintiff
McNeal & Douglas, Attorneys at Law. L.L.C.
P.O. Box 1423
Auburn, Alabama, 36831
334-821-6401

_____
Matthew W. White
Attorney for Plaintiff
Adams, Umbach, Davidson & White, LLP
P.O. Box 2069
Opelika, AL 36803-2069
334-745-6466

## JURY DEMAND

Pursuant to rule 38 of the Federal Rules of Civil Procedure, Plaintiffs demand trial by struck jury.

Respectfully submitted this 25th day of July, 2005.

_____
James B. Douglas, Jr.
Attorney for Plaintiff