IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| LORENA MINIX, BRENDA SIMS, and LINDA SIMS, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | CIVIL ACTION NUMBER: ) 3:05-cv-00685-T ) |
| JELD-WEN, INC. and RICHARD FETNER, | ) ) ) |
| Defendants. | ) ) |

## MOTION TO COMPEL

JELD-WEN, inc., Defendant in the above-referenced matter, moves this Court for an order compelling full and complete responses to the written discovery it served on Plaintiffs in October 2005, and in support of said motion shows as follows:

1.  Plaintiffs Lorena Minix, Brenda Sims and Linda Sims (collectively "Plaintiffs") initiated this lawsuit by filing their Complaint against JELD-WEN, inc. and Richard Fetner on August 26, 2005. See Complaint. Plaintiffs assert causes of action for sexual harassment and intentional infliction of emotional distress. See Complaint. JELD-WEN, inc. denies Plaintiff's allegations and timely responded to the Plaintiffs' Complaint on September 7, 2005. Mr. Fetner has not been served by the Plaintiffs.

2.  The parties filed their Report of Parties Planning Meeting on October 21, 2005 and JELD-WEN, inc. served written discovery to each Plaintiff[1] on October 28, 2005. Attached hereto as Exhibits A and B are copies of JELD-WEN, inc.'s First

---

[1] JELD-WEN, inc.'s First Interrogatories to Plaintiff to Plaintiff Lorena Minix; JELD-WEN, inc.'s First Interrogatories to Plaintiff Brenda Sims; Jeld-Wen, inc.'s First Interrogatories to Plaintiff Linda Sims; Jeld-Wen, inc.'s First Request for Production to Plaintiff Lorena Minix; JELD-WEN, inc.'s First Request for Production to Plaintiff Brenda Sims; JELD-

Interrogatories to Plaintiff Brenda Sims, and Jeld-Wen, inc.'s First Request for Production of Documents to Plaintiff Brenda Sims. The interrogatories and request for production were substantially the same to each Plaintiff and JELD-WEN, inc. has only submitted one copy in the interests of efficiency. This Motion does not address the Request for Admission.

3. Plaintiffs' responses to JELD-WEN, inc.'s discovery were due to be served on or before November 30, 2005, but Plaintiffs did not respond by that due date and did not seek an extension from JELD-WEN, inc.'s counsel and/or the Court prior to the due date.

4. After waiting some time to obtain discovery responses, JELD-WEN, inc.'s counsel began an extensive effort to obtain responses to the written discovery requests. JELD-WEN, inc.'s counsel contacted Plaintiffs' counsel by letter or phone on December 5th (Exhibit C), 15th (Exhibit D), 16th (phone call), 21st (phone call), and 29th (Exhibit E); and January 10th (phone call), 12th (Exhibit F) and 17th (phone call).

5. The Plaintiffs finally provided incomplete and unverified responses to JELD-WEN, inc.'s written discovery on January 18, 2006.

6. JELD-WEN, inc.'s counsel conferred with Plaintiff's counsel on January 18th regarding the deficient responses. The deficiencies in Plaintiff's responses included, but were not limited to, the failure to identify medical providers and current and former employers, both of whom are relevant to Plaintiffs' liability and damages claims as well as JELD-WEN, inc.'s potential defenses to same.

---

WEN, inc.'s First Request for Production to Plaintiff Linda Sims.

7.  JELD-WEN, inc.'s counsel wrote to Plaintiffs' counsel on January 25th outlining in detail the numerous deficiencies in the responses and indicating that a motion to compel would be forthcoming if the numerous deficiencies were not corrected. Exhibit G.  Exhibit G summarizes the deficiencies in Plaintiff's responses.

8.  Plaintiffs' counsel and JELD-WEN, inc.'s counsel conferred again on January 30th, the deadline for JELD-WEN, inc. to receive corrected responses before filing a motion to compel.  Plaintiff's counsel again asked for additional time to submit the responses and indicated that he hoped to meet with his clients later in the week to provide the requested information.  JELD-WEN, inc.'s counsel responded that more than ninety days had passed since the discovery requests were served and it would be necessary to initiate the process to obtain the Court's assistance in obtaining responses.  However, JELD-WEN, inc.'s counsel again allowed the Plaintiffs additional time to fully respond to the discovery requests.  Plaintiffs' counsel forwarded the letter attached hereto as Exhibit H following this conference indicating that he would "attempt to address" the concerns after the meeting with his clients.

9.  Plaintiff's counsel contacted JELD-WEN, inc.'s counsel by voice mail on Thursday, February 2, 2006 and Friday, February 3, 2006, indicating in the first message that this motion would be necessary to obtain the materials sought and, in the second, that his clients would provide a portion but not all of the information requested. Further, Plaintiffs' counsel indicated that certain Plaintiffs would respond to certain requests whereas other Plaintiff(s) would object and not respond to the same discovery requests.

10. Plaintiffs served verified and minimally supplemented interrogatory responses on or about February 6, 2006. See Exhibits I, J and K. These responses continue to be deficient, in part, because (1) Plaintiffs fail to provide addresses and other contact information for all but one of their employers (Interrogatory Nos. 4 & 5) and (2) Plaintiffs refuse to identify their health care providers (Interrogatory No. 9). See Exhibits I, J and K. This information is highly relevant to Defendant JELD-WEN, inc.'s defenses and to Plaintiffs' claims. Defendant JELD-WEN, inc. has even offered to enter a Consent Protective Order to address any concerns regarding the disclosure of this information. See Exhibit G. Defendant JELD-WEN, inc.'s ability to discover information from third parties relative to Plaintiffs' claims and its defenses is frustrated by Plaintiffs' refusal to provide this information.

11. Furthermore, JELD-WEN, inc. requested that each Plaintiff execute four releases to facilitate third party discovery. The releases are related to Plaintiffs' medical records, employment records, tax records and unemployment compensation records. See Exhibits L, M, N and O. Two Plaintiffs, Sims and Sims, executed only the tax records release whereas Plaintiff Minix executed both the tax records release and the employment records release but not the other two releases. All four releases are necessary to facilitate third-party discovery in this matter.

12. More than two and one-half months have passed since the initial deadline for plaintiffs to respond to JELD-WEN, inc.'s written discovery. Plaintiffs' continued failure to meaningfully respond to the written discovery has unduly prejudiced JELD-WEN, inc.'s ability to prepare its defense in this matter in that, among other prejudices, JELD-WEN, inc. is unable to discern to what entities third-party subpoenas should be

directed, is unable to adequately prepare to depose Plaintiffs and is unable to ascertain whether an expert witness should be designated relative to one or more of the Plaintiffs. As evidenced in the foregoing paragraphs, JELD-WEN, inc.'s counsel have worked diligently throughout December, January and February to obtain the responses that were due in November 2005. Unfortunately, those efforts have been to no avail and it has become necessary to request the Court's assistance in obtaining full and complete responses to the written discovery.

WHEREFORE, PREMISES CONSIDERED, Defendant JELD-WEN, inc. respectfully requests that the Court order that each Plaintiff fully and completely respond to the interrogatories and request for production served by JELD-WEN, inc., including the four releases provided by JELD-WEN, inc., within seven (7) days of the Order regarding same. Defendant JELD-WEN, inc. further requests that the Court grant it any further and additional relief to which it is entitled.

Respectfully Submitted,

s/Michael L. Thompson

OF COUNSEL:
LEHR MIDDLEBROOKS PRICE & VREELAND, P.C.
P.O. Box 11945
Birmingham, Alabama 35202-1945
(205) 326-3002

Scott J. Scofield, Esq.
SCOFIELD, GERARD, SINGLETARY & POHORESLSKY
1114 Ryan Street
Lake Charles, Louisiana 70601
(337) 433-9436

## **CERTIFICATE OF SERVICE**

      I hereby certify that on February 17, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

      James B. Douglas, Jr., Esq.
      McNeal & Douglas, Attorneys at Law, L.L.C.
      P.O. Box 1423
      Auburn, AL  36831

      Matthew W. White, Esq.
      Adams, Umbach, Davidson & White, LLP
      P.O. Box 2069
      Opelika, AL  36803-2069

      Respectfully submitted,

      s/Michael L. Thompson
      Michael L.  Thompson
      Lehr Middlebrooks Price & Vreeland, P.C.
      P.O. Box 11945
      Birmingham, AL 35202-1945
      Phone:  (205) 326-3002
      Fax:  (205) 326-3008
      E-mail: mthompson@lmpv.com
      Bar No.: ASB-5417-o46m

147800.doc