# EXHIBIT A

# TO DEFENDANT JELD-WEN, inc.'s

# MOTION TO COMPEL

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

LORENA MINIX, BRENDA
SIMS and LINDA SIMS,
    Plaintiffs

VS.                              CIVIL ACTION NO. 3:05CV685-M

JELD-WEN, INC. and
RICHARD FETNER,
    Defendants

JELD-WEN, inc.'s FIRST
INTERROGATORIES TO PLAINTIFF, BRENDA SIMS

TO:    BRENDA SIMS
        through her attorneys of record,
        James B. Douglas
        McNeal & Douglas
        P. O. Box 1423
        Auburn AL 36831

        Matthew W. White
        Adams, Umback, Davidson & White, LLP
        P. O. Box 2069
        Opelika AL 36803-2069

Defendant, JELD-WEN, inc., hereby requests that the plaintiff, BRENDA SIMS, answer under oath, in accordance with Rule 33 of the Federal Rules of Civil Procedure, the interrogatories set forth below. In responding to these interrogatories, defendant

requests that BRENDA SIMS furnish all information as is available and answer separately and fully in writing each interrogatory under oath, unless it is objected to, in which event the reasons for the objection shall be stated in lieu of an answer. The answers are to be signed by the persons making them, and the objections are to be signed by the attorney making them. THESE INTERROGATORIES ARE TO BE REGARDED AS CONTINUING. IF YOUR ANSWER TO ANY INTERROGATORY MATERIALLY CHANGES AFTER THE TIME ANSWERS ARE FILED, YOU ARE TO SUPPLEMENT YOUR ANSWERS TO REFLECT THE CHANGE. Please take notice that a copy of the answers must be served upon the attorney for the defendant within thirty (30) days after the service of these interrogatories.

## DEFINITIONS

As used in these interrogatories, the terms listed below are defined as follows:

(a) "Plaintiff" as used herein means and includes Brenda Sims, plaintiff herein, and all persons who have acted or purported to act on behalf of her.

2

(b) "You," "your," and "yourself" means Brenda Sims, individually, and all other persons acting or purporting to act on her behalf.

(c) "JELD-WEN" as used herein means and includes JELD-WEN, inc., defendant herein, and each of its affiliates, parents, predecessors, successors, departments, divisions, related entities, subsidiaries, trustees, directors, officers, employees, agents, representatives, investigators, consultants, accountants, and attorneys, and all persons formerly holding such positions and all persons who have acted or purported to act on behalf of it.

(d) "Document" or "documents" means any writing of any kind, including originals and all nonidentical copies whether different from the originals by reason of any notation made on such copies or otherwise, including without limitation correspondence, memoranda, notes, desk calendars, diaries, statistics, letters, telegrams, minutes, contracts, reports, studies, checks, invoices, statements, receipts, returns, warrants,

3

       guarantees, summaries, pamphlets, books, prospectuses, interoffice and interoffice communications, offers, notations of any sort of conversations, telephone calls, meetings or other communications, bulletins, magazines, publications, printed matter, photographs, computer printouts, teletypes, telefax, invoices, worksheets and all drafts, alterations, modification changes and amendments of any of the foregoing, tapes, tape recordings, transcripts, graphic or oral records or representations of any kind, and electronic, mechanical or electric records of representations of any kind, of which you have knowledge or which are now or were formerly in your actual or constructive possession, custody, or control.

(e) "Possession, custody or control" includes the joint or several possession, custody or control not only by the person to whom these interrogatories and requests are addressed, but also the joint or several possession, custody or control by each of any other person acting or

4

      purporting to act on behalf of the person, whether as employee, attorney, accountant, agent, sponsor, spokesman, or otherwise.

(f) "Relates to" means supports, evidences, described, mentions, refers to, contradicts or comprises.

(g) "Person" means any natural person, firm, corporation, partnership, proprietorship, joint venture, organization, group of natural persons, or other association separately identifiable whether or not such association has a separate juridical existence in its own rights.

(h) "Identify," "identity" and "identification," when used to refer to an entity other than a natural person, means to state its full name, the present or last known address of its principal office or place of doing business, and the type of entity (e.g., corporation, partnership, unincorporated association).

(i) "Identify," "identity" and "identification" when used to refer to a natural person, means to state the following:

5

      1. The person's full name and present or last known home address, home telephone number, business address and business telephone number;

      2. The person's present title and employer or other business affiliation;

      3. The person's home address, home telephone number, business address, and business telephone number at that time of the actions at which Interrogatory is directed; and

      4. His employer and title at the time of the actions at which each Interrogatory is directed.

(j) "Identify," "identity" and "identification" when used to refer to a document, means to state the following:

      1. The subject of the document;

      2. The title of the documents;

      3. The type of document (e.g., letter, memorandum, telegram, chart);

      4. The date of the document, or if the specific date thereof is unknown, the month and year or other best approximation of such date;

      5. The identity of the person or persons who wrote, contributed to, prepared or originated such document; and

      6. The present or last known location and custodian of the document.

(k) "His" means his and/or her and "he" means he and/or she.

## INSTRUCTIONS

(a) With respect to each Interrogatory, in addition to supplying the information asked for and identifying the specific documents referred to, identify all documents which were referred to in preparing your answers thereto.

(b) If any document identified in an answer to an Interrogatory was, but is no longer in your possession or subject to your custody or control, or was known to you, but is no longer in existence, state what disposition was made of it or what became of it.

7

(c) If any document is withheld from production hereunder on the basis of a claim of privilege, work product or otherwise, identify each such document and the grounds upon which its production is being withheld.

(d) A request for a party's knowledge, information, or documents includes knowledge, information, or documents in the possession of that party's agent, representative, employee, or attorney.

(e) These discovery requests are continuing in character and require your further and supplemental answers in the event you obtain or discover additional or different information prior to the trial of this case.

(f) To the extent that information sought by any Interrogatory or Request for Production may be furnished by reference to answers in another Interrogatory or Request for Production, such practice will be acceptable. Separate answers should, however, be accorded in all cases and Interrogatories and requests should not be joined together and accorded a common answer.

(g) If you cannot furnish exact information, supply estimated information. Your response should indicate this fact, explaining the basis of the estimate and the reason you cannot furnish the exact information.

**INTERROGATORY NO. 1:**

Identify, pursuant to the definitions and instructions provided, the full name, present address, and present telephone number of each and every individual you intend to call as a witness at the trial on the merits.

**INTERROGATORY NO. 2:**

With respect to each witness identified in answer to the preceding interrogatory, provide a general narrative summary of the testimony you expect to elicit from them. (Your answer should be sufficiently detailed so that notice is given of what testimony may be expected from each witness. For example, a cryptic response that a witness will testify "about the facts of the incident at issue" or as a "before/after witness" is insufficient.)

9

**INTERROGATORY NO. 3:**

Describe in detail each and every writing or other document you intend to introduce into evidence at the trial on the merits. Identify, pursuant to the definitions and instruments provided, the full name, present address, and present telephone number of the custodian of the document. State the times and dates during which the document may be inspected or copied. In lieu thereof, attach a true and correct copy of the document to your answer.

**INTERROGATORY NO. 4:**

Identify, pursuant to the definitions and instructions provided, every job you held before working for JELD-WEN. In conjunction therewith, please identify the employer, the specific dates of employment, your immediate supervisor(s), your pay rate or salary during the tenure of each job (if you were paid an hourly wage, please indicate the number of hours worked per week) and your reason for leaving that position. Additionally, if you were unemployed

for any periods of time, please list the dates of your unemployment.

**INTERROGATORY NO. 5:**

Identify, pursuant to the definitions and instructions provided, every job you have held since your employment with JELD-WEN ended. In conjunction therewith, please identify the employer, the specific dates of employment, your immediate supervisor(s), your pay rate or salary during the tenure of each job (if you were paid an hourly wage, please indicate the number of hours worked per week) and your reason for leaving that position. Additionally, if you were unemployed for any periods of time, please list the dates of your unemployment and anyone with whom you sought employment.

**INTERROGATORY NO. 6:**

After your employment with JELD-WEN ended, did you collect unemployment compensation? If so, please identify the specific dates during which you collected

unemployment compensation and the amounts that you collected.

**INTERROGATORY NO. 7:**

List the name, caption, and venue of all civil and criminal lawsuits or administrative matters in which you were a party. This request includes, but is not limited to, bankruptcy cases and administrative matters such as EEOC charges, unemployment compensation, and worker's compensation.

**INTERROGATORY NO. 8:**

Identify, pursuant to the definitions and instructions provided, the name, address, date(s) of any health care provider (physical or mental) you saw because of your being discharged by JELD-WEN and/or because of any other allegations in this lawsuit.

**INTERROGATORY NO. 9:**

Identify, pursuant to the definitions and instructions provided, the name, address, date(s) of

any health care provider (physical or mental) you have seen since 1985.

**INTERROGATORY NO. 10:**

Identify, pursuant to the definitions and instructions provided, each and every person who has or you believe may have knowledge regarding the damages sustained by you because of any act or omission alleged as a basis for this lawsuit and for which you seek compensation in this lawsuit and state what knowledge you believe that person may have.

**INTERROGATORY NO. 11:**

If you expect to call or may call an expert witness in the trial of this case, including, but not limited to, any health care provider (physical or mental), whether or not such person was specially retained for this litigation, please identify each pursuant to the instructions provided herewith and describe in detail the substance and basis of the testimony to be given. You are reminded that these

13

interrogatories are continuing in nature pursuant to Federal Rule of Civil Procedure 26(e).

**INTERROGATORY NO. 12**:

Identify, pursuant to the instructions provided herein, any group or organization(s) (church, civic, etc.) of which you are a member of including in your identification any offices held or committees upon which you serve.

**INTERROGATORY NO. 13**:

Identify, pursuant to the instructions provided herein, any person related to you, including those related to you by marriage, and/or with whom you have shared a residence since 1983 who resides in or regularly conducts business in Chambers, Lee, Macon, Randolph, Russell, and Tallapoosa counties.

## INTERROGATORY NO. 14:

Have you ever recorded any conversation with any present and/or former employee of Defendant? If so, identify, pursuant to the instructions provided herein, each such conversation and the persons involved in such conversation.

By its attorneys,

SCOFIELD, GERARD, SINGLETARY
& POHORELSKY

_____
SCOTT J. SCOFIELD (#14429)
1114 Ryan Street
P. O. Drawer 3028
Lake Charles LA 70602
(337) 433-9436

Michael L. Thompson
Lehr, Middlebrooks, Price
 & Vreeland, P.C.
2021 Third Avenue North
Birmingham AL 35203
(205) 326-3002

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the above pleading has been forwarded by United States mail, properly addressed to the following:

>James B. Douglas
>McNeal & Douglas
>P. O. Box 1423
>Auburn AL 36831
>
>Matthew W. White
>Adams, Umback, Davidson & White, LLP
>P. O. Box 2069
>Opelika AL 36803-2069

Lake Charles, Louisiana, this 28th day of October, 2005.

_____
SCOTT J. SCOFIELD