# EXHIBIT G
# TO DEFENDANT JELD-WEN, inc.'s
# MOTION TO COMPEL

**LEHR MIDDLEBROOKS
PRICE & VREELAND**
A PROFESSIONAL CORPORATION
ATTORNEYS AND COUNSELORS

2021 THIRD AVENUE NORTH
REPLY TO: P.O. BOX 11945
BIRMINGHAM, ALABAMA 35202-1945
205 326-3002
FACSIMILE: 205 326-3008

Michael L. Thompson
Direct Dial: 205 323-9278

Jackson, MS Office:
601 948-1408

January 25, 2006

*Via U.S. Mail and Facsimile*

James B. Douglas, Jr., Esq.
McNeal & Douglas, Attorneys at Law, L.L.C.
P.O. Box 1423
Auburn, AL 36831

    Re:    *Loretta Minix, Brenda Sims and Linda Sims v. JELD-WEN, inc. and Richard Fetner*

Dear Jim:

I have reviewed Plaintiffs' objections and responses to Defendant's Interrogatories and Requests for Production and identified multiple inadequacies in Plaintiffs' responses. Please consider this correspondence as Defendant's attempt, pursuant to Rule 37, to resolve this matter without the necessity of Court involvement.

*Interrogatories*

**INTERROGATORY NO. 1:**

Identify, pursuant to the definitions and instructions provided, the full name, present address, and present telephone number of each and every individual you intend to call as a witness at the trial on the merits.

**INTERROGATORY NO. 2:**

With respect to each witness identified in answer to the preceding interrogatory, provide a general narrative summary of the testimony you expect to elicit from them. (Your answer should be sufficiently detailed so that notice is given of what testimony may be expected from each witness. For example, a cryptic response that a witness will testify "about the facts of the incident at issue" or as a "before/after witness" is insufficient.)

**LEHR MIDDLEBROOKS
PRICE & VREELAND**
A PROFESSIONAL CORPORATION

James B. Douglas, Jr., Esq.
January 25, 2006
Page 2

### INTERROGATORY NO. 10:

Identify, pursuant to the definitions and instructions provided, each and every person who has or you believe may have knowledge regarding the damages sustained by you because of any act or omission alleged as a basis for this lawsuit and for which you seek compensation in this lawsuit and state what knowledge you believe that person may have.

Defendant will assume based on Plaintiffs' responses to these interrogatories that Plaintiffs are not presently aware of any person who could possibly be called as a witness in this matter other than those persons listed on Plaintiffs' initial disclosures. If that is incorrect, please let me know as we will request that the Court exclude any witness not identified at this time.

### INTERROGATORY NO. 4:

Identify, pursuant to the definitions and instructions provided, every job you held before working for JELD-WEN. In conjunction therewith, please identify the employer, the specific dates of employment, your immediate supervisor(s), your pay rate or salary during the tenure of each job (if you were paid an hourly wage, please indicate the number of hours worked per week) and your reason for leaving that position. Additionally, if you were unemployed for any periods of time, please list the dates of your unemployment.

Plaintiffs Minix and Brenda Sims failed to identify the location or other identifying information regarding their former employers. Plaintiff Linda Sims' response is similarly deficient and, further, she failed to identify for whom she worked between "2000-2002". The failure to provide this information frustrates the discovery process as Defendant is not able to conduct the third-party discovery to which it is entitled to defend itself. Further, none of the Plaintiffs identified any period of unemployment.

### INTERROGATORY NO. 5:

Identify, pursuant to the definitions and instructions provided, every job you have held since your employment with JELD-WEN ended. In conjunction therewith, please identify the employer, the specific dates of employment, your immediate supervisor(s), your pay rate or salary during the tenure of each job (if you were paid an hourly wage, please indicate the number of hours worked per week) and your reason for leaving that position. Additionally, if you were unemployed for any periods of time, please list the dates of your unemployment and anyone with whom you sought employment.

Plaintiff Minix failed to disclose even the name of her current employer and failed to adequately identify the other employers she has had since leaving the employ of Defendant. In contrast to Plaintiff Minix, Plaintiff Linda Sims identified her current employer but failed to provide sufficient information to identify her current employer listing only "IHOP". According

LEHR MIDDLEBROOKS<br>PRICE & VREELAND<br>A PROFESSIONAL CORPORATION

James B. Douglas, Jr., Esq.
January 25, 2006
Page 3

to IHOP's website, there are 1242 locations throughout the U.S. and Canada. Plaintiff Brenda Sims objection is not asserted in good faith and has no basis under controlling law as Defendant is clearly entitled to the information sought in this interrogatory. A proposed Consent Protective Order is attached/enclosed for your reference.

### INTERROGATORY NO. 6:

**After your employment with JELD-WEN ended, did you collect unemployment compensation? If so, please identify the specific dates during which you collected unemployment compensation and the amounts that you collected.**

Plaintiffs Minix and Brenda Sims failed to identify the amount of unemployment compensation they received. Please have the Plaintiffs execute the releases provided to facilitate our obtaining this information.

### INTERROGATORY NO. 9:

**Identify, pursuant to the definitions and instructions provided, the name, address, date(s) of any health care provider (physical or mental) you have seen since 1985.**

Plaintiffs Minix, Linda Sims and Brenda Sims objected to this interrogatory and provided no responsive information notwithstanding that the interrogatory seeks information regarding their mental and physical health and one of Plaintiffs' causes of action is that Defendant intentionally damaged their physical and/or mental health and, presumably, Plaintiffs will allege that mental anguish is a component of the damages under her other cause of action. Clearly, Defendant is entitled to discover this information in support of its defense. A proposed Consent Protective Order is enclosed for your consideration.

Additionally, although you assured me that verified responses would be forthcoming, I have not received same nor have I received executed releases.

*Request for Production*

### REQUEST FOR PRODUCTION NO. 1:

**Please produce all of your state and federal income tax returns from 1995 to date, together with any other documents you may have that reflect any income earned (including unemployment compensation) during that time period. This request specifically seeks all income information for 2005, even if you have not yet prepared your 2005 tax returns. (If you do not have the tax returns, please sign the attached release attached hereto as Exhibit A.)**

LEHR MIDDLEBROOKS
PRICE & VREELAND
A PROFESSIONAL CORPORATION

James B. Douglas, Jr., Esq.
January 25, 2006
Page 4

Plaintiffs' objection to this request is not asserted in good faith as the requested records would provide important information that is either relevant to a claim or defense or likely to lead to the discovery of admissible evidence. For example, the requested records would identify Plaintiffs' employers, potential alternative sources of their claimed damages as well as information pertinent to mitigation. Please produce the requested records.

### REQUEST FOR PRODUCTION NO. 2:

**Please produce all documents and correspondence identified in, or that relates to, your response to Interrogatory No. 3, 7, 8, 9, 11, and 14.**

It does not appear that Plaintiffs have produced any documents responsive to this request. Please produce all responsive documents and/or identify what documents are being withheld based on the objection.

### REQUEST FOR PRODUCTION NO. 3:

**Please produce all documents and correspondence you submitted to the EEOC and/or received from the EEOC.**

It appears that his is the only request to which Plaintiffs responded. Please confirm that the response is complete.

### REQUEST FOR PRODUCTION NO. 6:

**Please produce all documents and correspondence, including e-mails, letters, and tape recordings, received or sent from anyone that relates to Richard Fetner and/or this lawsuit.**

It does not appear that Plaintiffs have produced any documents responsive to this request. Please produce all responsive documents and, to the extent Plaintiffs are withholding any document based on an assertion of privilege, please provide a privilege log providing the information referenced in Rule 26 (b)(5) for each document so withheld.

### REQUEST FOR PRODUCTION NO. 7:

**Please produce all documents and correspondence that relate to paragraphs 15 - 17 of your Complaint.**

It does not appear that Plaintiffs have produced any documents responsive to this request. Please produce all responsive documents and, to the extent Plaintiffs are withholding any

James B. Douglas, Jr., Esq.
January 25, 2006
Page 5

document based on an assertion of privilege, please provide a privilege log providing the information referenced in Rule 26 (b)(5) for each document so withheld.

### REQUEST FOR PRODUCTION NO. 8:

**Please produce all documents and correspondence that relate to paragraphs 28 - 31 of your Complaint.**

It does not appear that Plaintiffs have produced any documents responsive to this request. Please produce all responsive documents and, to the extent Plaintiffs are withholding any document based on an assertion of privilege, please provide a privilege log providing the information referenced in Rule 26 (b)(5) for each document so withheld.

### REQUEST FOR PRODUCTION NO. 9:

**Please produce all documents and correspondence that relate to paragraph 35 of your Complaint.**

It does not appear that Plaintiffs have produced any documents responsive to this request. Please produce all responsive documents and, to the extent Plaintiffs are withholding any document based on an assertion of privilege, please provide a privilege log providing the information referenced in Rule 26 (b)(5) for each document so withheld.

### REQUEST FOR PRODUCTION NO. 10:

**Please produce all documents and correspondence that relate to paragraph 38 of your Complaint.**

It does not appear that Plaintiffs have produced any documents responsive to this request. Please produce all responsive documents and, to the extent Plaintiffs are withholding any document based on an assertion of privilege, please provide a privilege log providing the information referenced in Rule 26 (b)(5) for each document so withheld.

### REQUEST FOR PRODUCTION NO. 11:

**Please produce all documents and correspondence that relate to paragraphs 41-43 of your Complaint.**

It does not appear that Plaintiffs have produced any documents responsive to this request. Please produce all responsive documents and, to the extent Plaintiffs are withholding any

**Lehr Middlebrooks**
**Price & Vreeland**
A PROFESSIONAL CORPORATION

James B. Douglas, Jr., Esq.
January 25, 2006
Page 6

document based on an assertion of privilege, please provide a privilege log providing the information referenced in Rule 26 (b)(5) for each document so withheld.

### REQUEST FOR PRODUCTION NO. 12:

**Please produce all documents and correspondence which support your claim for damages.**

It does not appear that Plaintiffs have produced <u>any</u> documents responsive to this request. Please produce all responsive documents and, to the extent Plaintiffs are withholding any document based on an assertion of privilege, please provide a privilege log providing the information referenced in Rule 26 (b)(5) for each document so withheld.

### REQUEST FOR PRODUCTION NO. 15:

**A copy (whether written or recorded by any other means) of every statement taken by you or anyone acting on your behalf from any persons regarding any event or occurrence referred to in your Complaint or upon which you premise any claim for damages.**

It does not appear that Plaintiffs have produced <u>any</u> documents responsive to this request. Please produce all responsive documents and, to the extent Plaintiffs are withholding any document based on an assertion of privilege, please provide a privilege log providing the information referenced in Rule 26 (b)(5) for each document so withheld.

### REQUEST FOR PRODUCTION NO. 16:

**Executed copies of the releases provided as Exhibits A, B, C, and D.**

I have not received copies of the releases that Plaintiffs agreed to execute. Please provide those with your responses. Additionally, given Plaintiffs inability to recall the amount of unemployment compensation benefits that they received and the high degree of relevance that any medical information has to both their damages claims and to Defendant's defenses, the other releases are warranted. A proposed Consent Protective Order is attached for your reference to eliminate any concern regarding disclosure.

Jim, these discovery responses were due on or before November 30, 2005, according to my calendar. Scott's records indicate that he contacted you by letter or phone on December 5, 15, 16, 21 and 28 and I contacted you by letter on January 12, 2006, and on other occasions by phone regarding Plaintiffs' failure to respond to Defendant's written discovery. We were overly generous in allowing the Plaintiffs additional time to respond to the discovery. However, when

LEHR MIDDLEBROOKS
PRICE & VREELAND
A PROFESSIONAL CORPORATION

James B. Douglas, Jr., Esq.
January 25, 2006
Page 7

responses were finally served on January 18, 2005, they were unverified, incomplete and asserted numerous irrelevant objections that further delayed our efforts to discovery this case. Accordingly, if I do not receive full, complete and verified responses to Defendant's discovery on or before 3:00 P.M., January 30, 2006, I will file a motion with the Court to obtain the responses.

Very truly yours,

Michael L. Thompson
FOR THE FIRM

147422

Enclosure

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| LORENA MINIX, BRENDA SIMS, and LINDA SIMS, <br><br> Plaintiffs, <br><br> v. <br><br> JELD-WEN, INC. and RICHARD FETNER, <br><br> Defendants. | CIVIL ACTION NUMBER: <br> 3:05-cv-00685-T |

## CONSENT PROTECTIVE ORDER

The parties hereto having consented through their respective counsel for the entry of this Protective Order, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, in order to protect the confidentiality of certain information and to facilitate discovery, IT IS HEREBY ORDERED THAT:

1. This Order shall govern all documents produced by the parties in this action. Furthermore, this Order shall govern all information derived from such documents and all copies, excerpts or summaries thereof.

2. In addition, the following documents and all information derived from such documents shall be designated confidential:

    a. Any document from the personnel or employment file of any employee or former employee of JELD-WEN, inc.;

    b. Any documents, whether or not located in a personnel file, concerning information of employees or former employees of JELD-WEN, inc.;

   c. Any documents relating to and/or containing medical information regarding any person including, but not limited to, the Plaintiffs in this action; and

   d. Any other documents which a party in good faith designates as "confidential."

 3. Such confidential documents shall be used solely for the purpose of this action, shall not be used for any other business, competitive or other purpose, and shall not be disclosed to any other person or third party other than:

   a. Counsel for the parties in the above-styled action, including employees of such counsel to the extent necessary to render professional services in the above-entitled action;

   b. The parties in the above-styled action;

   c. The Court and persons employed by the Court working on this litigation;

   d. Court reporters at the proceedings in this action;

   e. Experts or consultants retained or consulted by the parties, but only as set out in paragraph four below; and

   f. Deponents, trial witnesses and potential deposition witnesses, but only as set out in paragraph four below.

 4. Prior to making such disclosure of any confidential documents or information pursuant to paragraph three, counsel making such disclosure shall inform any person to whom disclosure is being made that the information or documents, or any portions thereof, may be used only for the purposes set forth in this Protective Order.

2

The provisions of paragraph 4 shall not apply to a disclosure to persons listed in subparts c and d of paragraph 3.

5. Upon request by the producing party, within 90 (ninety) days of the conclusion of this matter as to all parties, each confidential document and all excerpts or summaries thereof produced by that party, shall be returned to the producing party.

6. Nothing in this Order shall prevent a party from any use of its own confidential documents.

7. The inadvertent or unintentional disclosure of any confidential information shall not be construed to be a waiver, in whole or part, of any party's claim of confidentiality, either as to the specific confidential information disclosed or as to other related information.

8. Any party may apply to the Court for relief from this Order. The party seeking relief from this Order shall specify which documents designated as "confidential" by the opposing party it wishes to disclose outside the confines of this litigation and the purpose for which and the manner in which it seeks to disclose the information. Neither party shall disclose any information designated as "confidential" by an opposing party without the written consent of the opposing parties or the express permission of the Court.

9. Before seeking relief from the Court due to an alleged violation of this Order, the party seeking relief will attempt to resolve the matter by agreement with the other party.

10. The terms of this Order are subject to modification, extension, or limitation as may be hereinafter agreed to by all parties, or by order of the Court.

AGREED AND ACCEPTED:

_____
Michael L. Thompson

OF COUNSEL:
LEHR MIDDLEBROOKS PRICE & VREELAND, P.C.
P.O. Box 11945
Birmingham, Alabama 35202-1945
(205) 326-3002
(205) 326-3008 (FAX)

_____
James B. Douglas, Jr.

OF COUNSEL:
McNeal & Douglas, Attorneys at Law, L.L.C.
P.O. Box 1423
Auburn, AL 36831

So ordered, this the _____ day of _____, 2006.

_____
UNITED STATES DISTRICT JUDGE

146990.doc

4