# EXHIBIT I
# TO DEFENDANT JELD-WEN, inc.'s
# MOTION TO COMPEL

Case 3:05-cv-00685-MHT-VPM   Document 17-10   Filed 02/17/2006   Page 1 of 8

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| LORENA MINIX, et al., ) | |
| ) | |
| PLAINTIFFS, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 3:05cv685-T |
| ) | |
| ) | |
| JELD-WEN, INC. and ) | |
| RICHARD FETNER, ) | |
| ) | |
| DEFENDANTS. ) | |

## PLAINTIFF, LORENA MINIX'S ANSWERS TO DEFENDANT'S INTERROGATORIES

**INTERROGATORY NO. 1:**

Identify, pursuant to the definitions and instructions provided, the full name, present address, and present telephone number of each and every individual you intend to call as a witness at the trial on the merits.

**RESPONSE:** Plaintiff has not yet identified which witnesses will be called at the trial of this matter. Plaintiff will comply with the scheduling orders regarding the disclosure of witnesses under the Federal Rules of Civil Procedure and those outlined by the Court.

**INTERROGATORY NO. 2:**

With respect to each witness identified in answer to the preceding interrogatory, provide a general narrative summary of the testimony you expect to elicit from them. (Your answer should be sufficiently detailed so that notice is given of what testimony may be expected from

each witness. For example, a cryptic response that a witness will testify "about the facts of the incident at issue" or as a "before/after witness" is insufficient.)

**RESPONSE:** Each of the Plaintiffs will testify as to their personal experiences as employees of the Defendant. There testimony will substantially track the language in the complaint. Regarding other witnesses, see response to interrogatory number 1.

**INTERROGATORY NO. 3:**

Describe in detail each and every writing or other document you intend to introduce into evidence at the trial on the merits. State the full name, present address, and present telephone number of the custodian of the document. State the times and dates during which the document may be inspected or copied. In lieu thereof, attach a true and correct copy of the document to your answer.

**RESPONSE:** Although Plaintiff has not made a final determination as to which documents will be used at trial, all documents in the possession of the plaintiff have been produced.

**INTERROGATORY NO. 4:**

Identify, pursuant to the definitions and instructions provided, every job you held before working for JELD-WEN. In conjunction therewith, please identify the employer, the specific dates of employment, your immediate supervisor(s), your pay rate or salary during the tenure of each job (if you were paid an hourly wage, please indicate the number of

hours worked per week) and your reason for leaving that position. Additionally, if you were unemployed for any periods of time, please list the dates of your unemployment.

**RESPONSE:** Plaintiff does not recall all the specifics requested in this interrogatory. However, Plaintiff, prior to working for Defendant, worked at Mill Works Specialties in the late 1990s. She also worked for Milken in the late 1990s and for Southern Ambulance Upholstry in the early 1990s. Plaintiff also had a period of employment with Defendant prior to her most recent employment with Defendant.

### INTERROGATORY NO. 5:

Identify, pursuant to the definitions and instructions provided, every job you have held since your employment with JELD-WEN ended. In conjunction therewith, please identify the employer, the specific dates of employment, your immediate supervisor(s), your pay rate or salary during the tenure of each job (if you were paid an hourly wage, please indicate the number of hours worked per week) and your reason for leaving that position. Additionally, if you were unemployed for any periods of time, please list the dates of your unemployment and anyone with whom you sought employment.

**RESPONSE:** Since leaving Defendant, Plaintiff has worked for Welburn as a machine operator, Roanoke Electronics as one who made electronic boards, and at Wal-Mart as a cashier. Plaintiff is currently employed at Emerson Company Industrial Park in LaGrange, Georgia.

### INTERROGATORY NO. 6:

After your employment with JELD-WEN ended, did you collect unemployment compensation? If so, please identify the specific dates during which you collected unemployment compensation and the amounts that you collected.

**RESPONSE:** Plaintiff received unemployment from November of 2004 through May of 2005.

**INTERROGATORY NO. 7:**

List the name, caption, and venue of all civil and criminal lawsuits or administrative matters in which you were a party. This request includes, but is not limited to, bankruptcy cases and administrative matters such as EEOC charges, unemployment compensation, and worker's compensation.

**RESPONSE:** None.

**INTERROGATORY NO. 8:**

Identify, pursuant to the definitions and instructions provided, the name, address, date(s) of any health care provider (physical or mental) you saw because of your being discharged by JELD-WEN and/or because of any other allegations in this lawsuit.

**RESPONSE:** None.

**INTERROGATORY NO. 9:**

Identify, pursuant to the definitions and instructions provided, the name, address, date(s) of any health care provider (physical or mental) you have seen since 1985.

**RESPONSE:** Plaintiff objects to this interrogatory as being overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

**INTERROGATORY NO. 10:**

Identify, pursuant to the definitions and instructions provided, each and every person who has or you believe may have knowledge regarding the damages sustained by you because of any act or omission alleged as a basis for this lawsuit and for which you seek compensation in this lawsuit and state what knowledge you believe that person may have.

**RESPONSE:** Plaintiff has already provided this information in her initial disclosures. Should other persons become known to the Plaintiff, then this interrogatory will be supplemented.

**INTERROGATORY NO. 11:**

If you expect to call or may call an expert witness in the trial of this case, including, but not limited to, any health care provider (physical or mental), whether or not such person was specially retained for this litigation, please identify each pursuant to the instructions provided herewith and describe in detail the substance and basis of the testimony to be given. You are reminded that these interrogatories are continuing in nature pursuant to Federal Rule of Civil Procedure 26(e).

**RESPONSE:** Plaintiff does not plan to call any experts at this time.

**INTERROGATORY NO. 12:**

Identify, pursuant to the instructions provided herein, any group or organization(s) (church, civic, etc.) of which you are a member of including in your identification any offices held or committees upon which you serve.

**RESPONSE:** Plaintiff attends the Handley Avenue Church of God.

INTERROGATORY NO. 13:

Identify, pursuant to the instructions provided herein, any person related to you, including those related to you by marriage, and/or with whom you have shared a residence since 1983 who resides in or regularly conducts business in Chambers, Lee, Macon, Randolph, Russell, and Tallapoosa counties.

**RESPONSE:** None.

INTERROGATORY NO. 14:

Have you ever recorded any conversation with any present and/or former employee of Defendant? If so, identify, pursuant to the instructions provided herein, each such conversation and the persons involved in such conversation.

**RESPONSE:** No.

I hereby affirm, under oath that the preceding answers are true and correct to the best of my knowledge and belief.

_____
Lorena Minix

Sworn to and subscribed before me on this 2 day of February, 2006.

_____
Notary Public
My Commission Expires: My Commission Expires March 29, 2009.

As counsel for the Plaintiff, I have objected to interrogatory number 9.

_____
James B. Douglas, Jr.
Attorney for Plaintiff
McNeal & Douglas, Attorneys at
Law. L.L.C.
P.O. Box 1423
Auburn, Alabama, 36831
334-821-6401

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing upon the following by sending a copy of same by first class U.S. mail, postage prepaid and properly addressed.

Dated this the ___ day of February, 2006.

Micheal L. Thompson
Lehr, Middlebrooks, Price & Vreeland, P.C.
Post Office Box 11945
Birmingham, AL 35202-1945

Scott Scofield, Esq.
Scofield, Gerard, Singletary & Pohorelsky
1114 Ryan Street
Post Office Drawer 3028
Lake Charles, LA 70601

_____
James B. Douglas, Jr.