# EXHIBIT K

# TO DEFENDANT JELD-WEN, inc.'s

# MOTION TO COMPEL

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| LORENA MINIX, et al., ) | |
| ) | |
| PLAINTIFFS, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 3:05cv685-T |
| ) | |
| ) | |
| JELD-WEN, INC. and ) | |
| RICHARD FETNER, ) | |
| ) | |
| DEFENDANTS. ) | |

## PLAINTIFF LINDA SIMS' ANSWERS TO DEFENDANT'S INTERROGATORIES

INTERROGATORY NO. 1:

Identify, pursuant to the definitions and instructions provided, the full name, present address, and present telephone number of each and every individual you intend to call as a witness at the trial on the merits.

RESPONSE: Plaintiff has not yet identified which witnesses will be called at the trial of this matter. Plaintiff will comply with the scheduling orders regarding the disclosure of witnesses under the Federal Rules of Civil Procedure and those outlined by the Court.

INTERROGATORY NO. 2:

With respect to each witness identified in answer to the preceding interrogatory, provide a general narrative summary of the testimony you expect to elicit from them. (Your answer

should be sufficiently detailed so that notice is given of what testimony may be expected from each witness. For example, a cryptic response that a witness will testify "about the facts of the incident at issue" or as a "before/after witness" is insufficient.)

**RESPONSE:** Each of the Plaintiffs will testify as to their personal experiences as employees of the Defendant. There testimony will substantially track the language in the complaint. Regarding other witnesses, see response to interrogatory number 1.

## INTERROGATORY NO. 3:

Describe in detail each and every writing or other document you intend to introduce into evidence at the trial on the merits. Identify, pursuant to the definitions and instruments provided, the full name, present address, and present telephone number of the custodian of the document. State the times and dates during which the document may be inspected or copied. In lieu thereof, attach a true and correct copy of the document to your answer.

**RESPONSE:** Although Plaintiff has not made a final determination as to which documents will be used at trial, all documents in the possession of the plaintiff have been produced.

## INTERROGATORY NO. 4:

Identify, pursuant to the definitions and instructions provided, every job you held before working for JELD-WEN. In conjunction therewith, please identify the employer, the specific dates of employment, your immediate supervisor(s), your pay rate or salary during

the tenure of each job (if you were paid an hourly wage, please indicate the number of hours worked per week) and your reason for leaving that position. Additionally, if you were unemployed for any periods of time, please list the dates of your unemployment.

**RESPONSE:** Plaintiff does not know the specifics of all the information sought by this interrogatory, but Plaintiff did work for GTO from 1979 through 1994. Plaintiff left that job to work at Wal-Mart from 1994 through 2000. Plaintiff then worked for from 2000-2002. Plaintiff then worked for Kelly Services until going to work for the Defendant.

### INTERROGATORY NO. 5

Identify, pursuant to the definitions and instructions provided, every job you have held since your employment with JELD-WEN ended. In conjunction therewith, please identify the employer, the specific dates of employment, your immediate supervisor(s), your pay rate or salary during the tenure of each job (if you were paid an hourly wage, please indicate the number of hours worked per week) and your reason for leaving that position. Additionally, if you were unemployed for any periods of time, please list the dates of your unemployment and anyone with whom you sought employment.

**RESPONSE:** IHOP, located in LaGrange Parkway, telephone number 706-883-8100, January, 2005 through the present. Plaintiff also works part time at Movie Gallery in Roanoke, Alabama.

### INTERROGATORY NO. 6:

After your employment with JELD-WEN ended, did you collect unemployment compensation? If so, please identify the specific dates during which you collected

unemployment compensation and the amounts that you collected.

**RESPONSE:** No.

### INTERROGATORY NO. 7:

List the name, caption, and venue of all civil and criminal lawsuits or administrative matters in which you were a party. This request includes, but is not limited to, bankruptcy cases and administrative matters such as EEOC charges, unemployment compensation, and worker's compensation.

**RESPONSE:** None.

### INTERROGATORY NO. 8:

Identify, pursuant to the definitions and instructions provided, the name, address, date(s) of any health care provider (physical or mental) you saw because of your being discharged by JELD-WEN and/or because of any other allegations in this lawsuit.

**RESPONSE:** Plaintiff has seen Dr. Russell Peterson in Roanoke.

### INTERROGATORY NO. 9:

Identify, pursuant to the definitions and instructions provided, the name, address, date(s) of any health care provider (physical or mental) you have seen since 1985.

**RESPONSE:** Plaintiff objects to this interrogatory as being overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

### INTERROGATORY NO. 10:

Identify, pursuant to the definitions and instructions provided, each and every person who has or you believe may have knowledge regarding the damages sustained by you because of any act or omission alleged as a basis for this lawsuit and for which you seek compensation in this lawsuit and state what knowledge you believe that person may have.

**RESPONSE:** Plaintiff has already provided this information in her initial disclosures. Should other persons become known to the Plaintiff, then this interrogatory will be supplemented.

### INTERROGATORY NO. 11:

If you expect to call or may call an expert witness in the trial of this case, including, but not limited to, any health care provider (physical or mental), whether or not such person was specially retained for this litigation, please identify each pursuant to the instructions provided herewith and describe in detail the substance and basis of the testimony to be given. You are reminded that these interrogatories are continuing in nature pursuant to Federal Rule of Civil Procedure 26(e).

**RESPONSE:** Plaintiff does not plan to call any experts at this time.

### INTERROGATORY NO. 12:

Identify, pursuant to the instructions provided herein, any group or organization(s) (church, civic, etc.) of which you are a member of including in your identification any offices held or committees upon which you serve.

**RESPONSE:** Plaintiff attends Potash Church of God.

## INTERROGATORY NO. 13:

Identify, pursuant to the instructions provided herein, any person related to you, including those related to you by marriage, and/or with whom you have shared a residence since 1983 who resides in or regularly conducts business in Chambers, Lee, Macon, Randolph, Russell, and Tallapoosa counties.

**RESPONSE:** Plaintiff does not know all persons sought by this interrogatory, but the surnames of some of the people are: McDaniel, Owens, and Spears.

## INTERROGATORY NO. 14:

Have you ever recorded any conversation with any present and/or former employee of Defendant? If so, identify, pursuant to the instructions provided herein, each such conversation and the persons involved in such conversation.

**RESPONSE:** No.

I hereby affirm, under oath that the preceding answers are true and correct to the best of my knowledge and belief.