IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| LORENA MINIX, BRENDA SIMS, and LINDA SIMS, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) CIVIL ACTION NO. 3:05CV685-MHT |
| JELD-WEN, INC. and RICHARD FETNER, | ) ) ) ) |
| Defendants. | ) |

## ORDER

Upon consideration of the defendants' Motion to Compel production of discovery responses, filed on 17 February 2006 (Doc. # 17), and for good cause, it is

ORDERED that, on or before 3 March 2006, the plaintiffs shall show cause in writing why the motion should not be granted and why the court should not impose sanctions upon them for (a) failing to serve timely responses, i.e., within 30 days of their receipt of the requests; (b) objecting to the requests when the time to object had clearly expired; (c) serving incomplete responses more than 60 days after the requests were served; and (d) unreasonably withholding information that is discoverable and admissible.

In connection with this order, the court FINDS, *inter alia*, that:

1. Pursuant to the ***Federal Rules of Civil Procedure*** 26(c) and 37(a)(2)(B) and ¶5 of the General Order of this court entered on 22 November 1993, the defendants have made a good faith effort to resolve this discovery dispute with

       the plaintiffs.

2.    The plaintiffs' responses to the discovery requests were due on or about 2 December 2005.

3.    After a third written reminder that the responses were overdue, the defendants finally received the plaintiff's partial responses and objections between 12 January 2006 (See Exhibit F to the motion) and 25 January 2006 (See Exhibit G to the motion).

4.    The plaintiffs' responses and their objections were filed beyond 30 days. Thus, the plaintiffs waived their right to object to the discovery requests.

5.    Plaintiffs requested an extension to 3 February 2006 to respond fully to the discovery requests (See Exhibit H to the motion), acknowledging that "the Court would prefer [for the parties] to work out these matters between [themselves]".

6.    Plaintiffs' objections may be unreasonable for other reasons. For example, interrogatory # 9 requests plaintiff Minix to "[i]dentify . . . the name, address, date(s) of any health care provider (physical or mental) you have seen since 1985". In response, the plaintiff "objects" to the interrogatory "as being overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence" (See Exhibit I to the motion). Because the complaint alleges that the plaintiffs suffered "great and irreparable loss and injury, including but not limited to economical losses, humiliation, embarrassment, emotional distress, and depravation [sic] of their civil rights",

the discovery request is most certainly calculated to lead to the discovery or admissible evidence, namely, the state of the plaintiffs' physical and mental health, their health backgrounds, and the evidence available to prove their contentions regarding damages.

DONE this 23rd day of February, 2006.

                                                /s/ Vanzetta Penn McPherson
                                                VANZETTA PENN MCPHERSON
                                                UNITED STATES MAGISTRATE JUDGE