IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| LORENA MINIX, BRENDA SIMS, and LINDA SIMS,<br><br>Plaintiffs,<br><br>v.<br><br>JELD-WEN, inc. and RICHARD FETNER,<br><br>Defendants. | CIVIL ACTION NUMBER:<br>3:05-cv-00685-T |

## CONSENT MOTION TO CONDUCT MEDICAL-PROVIDER DEPOSITIONS AFTER THE DEADLINE FOR THE PARTIES' MANDATORY SETTLEMENT CONFERENCE

JELD-WEN, inc., one of the Defendants[1] in the above-referenced matter, respectfully requests that the Court grant it leave to depose the medical care providers first identified by Plaintiffs in their March 2006 supplemental response to JELD-WEN's interrogatories, which were served October 2005, on a date after the mandatory settlement conference in this matter and for good cause shows unto the Court as follows:

1. JELD-WEN, inc. served written discovery to Plaintiffs on October 28, 2005. Included in the initial written discovery was Interrogatory No. 8 which provided:

> Identify, pursuant to the definitions and instructions provided, the name, address, date(s) of any health care provider (physical or mental) you saw because of your being discharged by JELD-WEN and/or because of any other allegations in this lawsuit.

---

[1] Mr. Fetner, a former employee of Defendant, has not been served with process and has not participated in this litigation. Plaintiffs have noticed Mr. Fetner's deposition for May 8, 2006.

2. On March 2, 2006, after Judge McPherson's February 23, 2006 show cause Order on JELD-WEN, inc.'s Motion to Compel, Plaintiffs supplemented their interrogatory responses to, *inter alia*, identify three health care providers (one per Plaintiff) in response to Interrogatory No. 8.[2]

3. Following Judge McPherson's Order and the Plaintiffs' March 2nd supplementation of their discovery responses to comply with same, the parties have diligently engaged in discovery. Since Plaintiffs served their supplemental discovery responses, JELD-WEN has served seventy-one (71) subpoenas related to the information disclosed in the supplemental responses including subpoenas to the Plaintiffs' healthcare providers. The three Plaintiffs were deposed on April 10 – 12, 2006. The parties have scheduled eight additional fact-witness depositions for April 28 in Sparta, Tennessee; May 3 – 4 in Klamath Falls, Oregon; and May 7 – 8 in Auburn, Alabama. The depositions in Sparta, Tennessee and Klamath Falls, Oregon will require significant travel time, particularly the trip to Oregon.

4. Discovery in this matter is scheduled to close on May 15, 2006; with dispositive motions, if any, due to be filed on or before June 8, 2006. The parties are required to conduct their face-to-face settlement conference on or before June 28, 2006. The testimony of Plaintiffs' medical providers is not necessary to evaluate the substantive merits of the Plaintiffs' claims.

5. The parties and their counsel desire to avoid the unnecessary expense and scheduling inconvenience associated with deposing the Plaintiffs' medical providers

---

[2] In response to another interrogatory, each Plaintiff also identified additional health care providers from whom she has received medical treatment during the requested time frame although the respective Plaintiff does not contend that she saw those health

until after all substantive discovery has been completed and the parties have conducted their settlement conference. Such a postponement would afford the parties the opportunity to assess and evaluate the Plaintiffs' allegations in light of JELD-WEN, inc.'s asserted defenses. Postponing the depositions until a time after the settlement conference would also avoid any (potentially unnecessary) interruption of the medical providers' schedule to treat their patients. Conversely, the postponement of the depositions will not affect the progress of this case and/or the parties' ability to assess the claims and defenses asserted in same.

6. The parties do not request that any other deadlines, including the general deadline for discovery completion, be extended.

7. Plaintiffs consent to the relief requested in this motion.

WHEREFORE, PREMISES CONSIDERED, Defendant JELD-WEN, inc. respectfully requests leave of Court to take depositions of Plaintiffs' medical providers after the June 28, 2006 settlement conference deadline.

Respectfully Submitted,

s/Michael L. Thompson THO152

OF COUNSEL:
LEHR MIDDLBROOKS & VREELAND, P.C.
P.O. Box 11945
Birmingham, Alabama 35202-1945
(205) 326-3002

Scott Scofield, Esq.
SCOFIELD, GERARD, SINGLETARY & POHORELSKY
P.O. Drawer 3028
Lake Charles, LA 70601
(337) 433-9436

---

care providers for conditions related to the allegations set forth in the Complaint.

3

## **CERTIFICATE OF SERVICE**

      I hereby certify that on April 20, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

      James B. Douglas, Jr., Esq.
      McNeal & Douglas, Attorneys at Law, L.L.C.
      P.O. Box 1423
      Auburn, AL  36831

      Matthew W. White, Esq.
      Adams, Umbach, Davidson & White, LLP
      P.O. Box 2069
      Opelika, AL  36803-2069


      Respectfully submitted,

      s/Michael L. Thompson THO152
      Michael L. Thompson THO152
      Lehr Middlebrooks & Vreeland, P.C.
      P.O. Box 11945
      Birmingham, AL 35202-1945
      Phone:  (205) 326-3002
      Fax:  (205) 326-3008
      E-mail: mthompson@lmpv.com
      Bar No.: ASB-5417-O46M

152321