# United States District Court
## MIDDLE DISTRICT OF ALABAMA
### EASTERN DIVISION

LORENA MINIX, BRENDA SIMS AND LINDA SIMS

V.

JELD-WEN, INC.

**SUBPOENA IN A CIVIL CASE**

CASE NUMBER: 3:05-cv-00685-T

TO: Lisa Cook
440 Rebecca Drive, Apt. 28
Roanoke, AL  36274

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case before a Notary Public or other officer authorized by law to administer oaths by audio, video, and/or stenographic means.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Law office of McNeal & Douglas, 1710 Catherine Court, Suite B, Auburn, AL 36831 | May 18, 2006; 10:00 a.m. |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects): **Any and all documents used by you to prepare for your deposition and any and all documents that relate in any manner to your employment by JELD-WEN, inc.**

| PLACE | DATE AND TIME |
|---|---|
| Law office of McNeal & Douglas, 1710 Catherine Court, Suite B, Auburn, AL 36831 | May 18, 2006; 10:00 a.m. |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil procedure 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| *[signature]* Attorney for Defendant JELD-WEN, inc. | 05/15/2006 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Michael L. Thompson, Esq., Lehr Middlebrooks & Vreeland, 2021 Third Avenue North, Birmingham, AL 35203
(205) 323-9278

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)


EXHIBIT A

AO 88 (11/91) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | 5-16-06<br>7:50 PM | 440 Rebecca Drive Apt 24<br>Roanoke, AL. |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| Lisa Cook | Personal |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| Dollye Edmondson<br>DE Associates | Private Investigation<br>Process Server |

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on  5-16-06

SIGNATURE OF SERVER

P.O Box 2524
ADDRESS OF SERVER

Anniston, Al. 36202

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.
(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv) subjects a person to undue burden.
(B) If a subpoena
(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.
(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

2

# LEHR MIDDLEBROOKS
# & VREELAND

A PROFESSIONAL CORPORATION
ATTORNEYS AND COUNSELORS

2021 THIRD AVENUE NORTH
REPLY TO: P.O. BOX 11945
BIRMINGHAM, ALABAMA 35202-1945
205 326-3002
FACSIMILE: 205 326-3008

MICHAEL L. THOMPSON
DIRECT DIAL: 205 323-9278

JACKSON, MS OFFICE:
601 948-1408

May 15, 2006

***Via Hand Delivery***
Ms. Lisa Cook
440 Rebecca Drive, Apt. 28
Roanoke, AL 36274

      Re:    *Lorena Minix, Brenda Sims and Linda Sims v. JELD-WEN, inc. and Richard Fetner*

Dear Ms. Cook:

    Enclosed please find a subpoena compelling your attendance for a deposition on May 18, 2006, at 10:00 AM. Also enclosed is an Order from the Court regarding this deposition and your failure to appear on the first occasion that the deposition was scheduled. Please feel free to contact McNeal & Douglas, 1710 Catherine Court, Suite B, Auburn, Alabama 36831 at 334.821.1596 should you experience any difficulty locating their offices. Additionally, please feel free to contact me at 205.323.9278 should you have any questions in advance of the deposition.

                             Very truly yours,

                             Michael L. Thompson
                             FOR THE FIRM

Enclosure

153783.doc

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| LORENA MINIX, BRENDA SIMS, and LINDA SIMS, | ) ) ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | CIVIL ACTION NO. 3:05CV685-MHT [WO] |
| JELD-WEN, INC., and RICHARD FETNER, | ) ) ) ) | |
| Defendants. | ) | |

## ORDER ON MOTION

Upon consideration of JELD-WEN's Motion to Compel, filed on 10 May 2006 (Do. # 27), and for good cause, it is

ORDERED that the motion is GRANTED.

Jeld-Wen seeks to depose LISA COOK ["Cook"], a non-party, following representations by the plaintiffs that she is "a person with relevant knowledge" of the issues in this case. Without seeking an extension or explaining her absence, Cook failed to appear for deposition on 9 May 2006 after due notice via subpoena on 28 April 2006. The discovery deadline is 15 May 2006. Accordingly, it is further ORDERED as follows:

1. Jeld-Wen shall serve or cause to be served a second subpoena upon Cook on or before 16 May 2006 for a deposition scheduled on or before 2 June 2006.

2. Cook is DIRECTED to appear in person for the deposition at the time indicated. Cook is CAUTIONED that her failure to appear may lead to the

imposition of monetary sanctions and the likelihood of a contempt citation against her.

3. JELD-WEN is DIRECTED to file a Notice of Compliance with the Clerk of the court on or before 2 June 2006, certifying Cook's appearance at the deposition.

DONE this 12th day of May, 2006.

/s/ Vanzetta Penn McPherson
VANZETTA PENN MCPHERSON
UNITED STATES MAGISTRATE JUDGE