# EXHIBIT D

## DECLARATION OF C. ROBERT STURM

Case 3:05-cv-00685-MHT-VPM   Document 32-5   Filed 06/08/2006   Page 1 of 6

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| LORENA MINIX, BRENDA SIMS, and LINDA SIMS,  Plaintiffs,  v.  JELD-WEN, inc. and RICHARD FETNER,  Defendants. | CIVIL ACTION NUMBER: 3:05-cv-00685-T |

### AFFIDAVIT OF C. ROBERT STURM

STATE OF California )
COUNTY OF San Francisco )

My name is C. Robert Sturm. I am a resident of the State of Oregon, over twenty-one (21) years of age, and give this Declaration of my own free will. I have personal knowledge of the information contained in this Declaration.

1. I am currently employed as Senior Corporate Counsel for JELD-WEN, inc. and have held this position since November 2002. I have personal knowledge of the information set forth herein based on my employment.

2. JELD-WEN, inc. takes seriously its responsibility to prevent and promptly correct unlawful harassment, sexual or otherwise, in the workplace. JELD-WEN, inc. promptly investigates complaints of harassment and takes effective remedial measures, including terminating the employment of offending employees, to remedy harassing conduct in violation of Company policy.

3. Pursuant to Company policy, the category of persons designated in JELD-WEN, inc.'s anti-harassment policy to accept complaints of harassment does not

include a Group Manager (i.e., a JELD-WEN, inc. position akin to a foreman) except in instances where the complaining employee reports alleged harassment to a Group Manager who is the complaining employee's immediate supervisor.

4.  With regard to JELD-WEN, inc.'s Roanoke, Alabama facility, in addition to the Legal Department, Dan Hees (as the Coordinating General Manager) and Pat Galvez (as the Acting General Manager) along with an employee's immediate supervisor were appropriate persons to receive reports of harassment under the provisions of the JELD-WEN, inc. anti-harassment policy from 2002 until 2004.

5.  Attached hereto as Exhibit A and Bates Labeled D01469 – D01471 is a true and correct copy of an email that I sent to Rick Parker on Wednesday, March 24, 2004, the day that I learned that JELD-WEN, inc. intended to close its facility in Roanoke, Alabama.

6.  It is approximately 2,709 miles from JELD-WEN's corporate headquarters in Klamath Falls, Oregon to its Roanoke, Alabama facility.

I declare under penalty of perjury that the foregoing is true and correct. Executed on this the 7th day of June 2006.

_____
C. Robert Sturm

155145

-----Original Message-----

From: Rick Parker

Sent: Monday, March 29, 2004 8:33 AM

To: Dan Hees; Pat Galvez

Subject: FW: Alabama Closure -- Attorney-Client Transmission

For your information. We'll review a bit more hopefully today.

Rick


-----Original Message-----

From: Rob Sturm

Sent: Wednesday, March 24, 2004 1:57 PM

To: Rick Parker

Cc: Barry Homrighaus

Subject: Alabama Closure -- Attorney-Client Transmission


Rick:

I was informed this afternoon that we are closing a facility in Alabama and I believe that we've got a morning conference call set up to discuss this.

Unlike some of our other closures, this closure will not trigger WARN Act notice requirements because fewer than 50 employees will be affected by the closure. While some states have state warn acts, Alabama does not. As a courtesy, and to enable employees to timely find subsequent employment and thus limit unemployment insurance claims, it likely makes good sense to provide substantial advance notice. Our policies and procedures generally impose a minimum of two weeks; I suspect that we will want to provide more notice than that.

Plant closures trigger the severance requirements of P&P 220. That provision was changed this past year to condition severance benefits on the execution of a standard severance agreement. We had been doing this



EXHIBIT
A

a bit informally previously but this practice is now written into the policy. If desired, we can incorporate into the severance agreements an obligation that employees continue to work for us up through a specific date in order to receive the severance benefits. This way timely notice can be given (enabling employees to timely find subsequent employment), but we can minimize the likelihood of immediate and mass defections that would hamper production needs. Because this situation will undoubtedly involve severance in the context of a "group layoff" (i.e., more than one person age 40+ is being severed), those over 40 will need to be given 45 days to consider the severance package and decide whether or not to accept it (rather than the usual 21 days). In an ideal world, we'd generally prefer to have the severances wrapped up around the time of the closure. Thus, it probably makes sense to take this 45 day consideration period into account when deciding on the timing of notice.

Julie Souders currently handles the preparation of severance agreements. Because this is "group layoff," she will not only need the names of the employees who are affected but also a list of their respective birth dates and job titles.

I am in all day tomorrow and am happy to confer further on this.


C. Robert Sturm

Senior Corporate Counsel

JELD-WEN, inc.

3250 Lakeport Blvd.

Klamath Falls, OR  97601

Phone:  (541) 850-2618

Fax:   (541) 885-7447

E-mail: RobSt@jeld-wen.com <mailto:RobSt@jeld-wen.com>

Website:    http://www.jeld-wen.com <http://www.jeld-wen.com>

This email may contain confidential and privileged material for the sole use of the intended recipient(s). Any review, use, distribution or disclosure

by others is strictly prohibited. If you are not the intended recipient (or

authorized to receive for the recipient), please contact the sender by reply

email and delete all copies of this message.

</HTML

The information contained in this electronic mail is privileged and confidential information intended solely for the use of the addressee identified above and no one else. If you are neither the intended recipient nor a person responsible for delivering this message to the intended recipient, please do not use this mail or its contents in any way. Please delete it from your e-mail system and from your recycle bin, and contact the sender by telephone at 337 433 9436.

**JELD-WEN/Minix, et al. - Documents Produced by Defendant JELD-WEN, inc.**                    **D01471**