IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| LORENA MINIX, et al., | ) |
| | ) |
| PLAINTIFFS, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 3:05CV685-T |
| | ) |
| JELD-WEN, INC. | ) |
| | ) |
| DEFENDANT. | ) |

**PLAINTIFFS' OBJECTIONS TO DEFENDANT'S
EXHIBIT AND TANGIBLE EVIDENCE LIST**

    **COMES NOW** Plaintiffs, pursuant to the Court's Scheduling Order, and objects to the following items on the Defendant's Exhibit List as follows:

1. Item 6 on Defendant's proposed exhibit list, being a handbook for a company called "CMS." Said handbook does not involve the Defendant in this matter, and it does not relate to any of the claims or defenses in this matter. As such, it is precluded from admissibility pursuant to Rule 402 of the Federal Rules of Evidence.

2. Item 13 on the Defendant's proposed exhibit list, being the employment agreement signed by Plaintiff Lorena Minix. Said exhibit is not relevant to any of the claims or defenses in this matter and, as such, is due to be excluded pursuant to Rule 402 of the Federal Rules of Evidence.

3. Item 14 on the Defendant's proposed exhibit list, being a request for family medical leave, dated January 15, 2004. Said document is not relevant to any of the claims or defenses in this matter and is therefore due to be excluded pursuant to Rule 402 of the Federal Rules of Evidence.

4. Item 15 on the Defendant's proposed exhibit list, being a test which was taken by Plaintiff Minix regarding the employee handbook. Other than the section of the test regarding harassment, Plaintiff would object to the remainder of the exhibit as being irrelevant to any of the claims or defenses in this matter. As such, it should be excluded pursuant to Rule 402 of the Federal Rules of Evidence.

5. Item 17 on the Defendant's proposed exhibit list, being a notation that Plaintiff Minix had returned to work dated March 22, 2004. Said proposed exhibit is not relevant to any of the claims or defenses in this matter and is thus due to be excluded pursuant to Rule 402 of the Federal Rules of Evidence.

6. Item 21 on the Defendant's proposed exhibit list, being the case log for the EEOC complaint of Plaintiff Minix. Said case log is both hearsay and not relevant to any of the claims and defenses in this matter, in that it is the province of the jury to determine liability. Also, it is overly prejudicial to the Plaintiffs because an official governmental agency is stating that there is no liability by the Defendant. Therefore, it is due to be excluded pursuant to Rules 402, 403, and 802 of the Federal Rules of Evidence.

7. Item 23 on the Defendant's proposed exhibit list, being a letter from EEOC Investigator McGee to Matt White, co-counsel for Plaintiff Minix. Said document is hearsay, not relevant to the claims or defenses in this matter in that it is the jury's responsibility to determine liability, and said proposed exhibit is also overly prejudicial in that it makes a statement that the Defendant is not culpable. Therefore, said exhibit is due to be excluded pursuant to Rules 402, 403, and 802 of the Federal Rules of Evidence.

8. Item 24 on the Defendant's proposed exhibit list, being the dismissal and notice of suit rights on Plaintiff Minix's claim dated April 29, 2005. Said document is not relevant to any claims or defenses in this matter in that it is the province of the jury to determine liability. Furthermore, it is overly prejudicial to the Plaintiff's case because it is a statement from an official government entity stating that there should be no culpability on the part of the Defendant. Furthermore, it is hearsay. Therefore, said exhibit is due to be excluded pursuant to Rules 402, 403, and 802 of the Federal Rules of Evidence.

9. Item 25 on the Defendant's proposed exhibit list, being a drug screening done on Plaintiff Minix by Kelly Services. Said proposed exhibit is not relevant to any of the claims or defenses in this matter and is, therefore, due to be excluded under Rule 402 of the Federal Rules of Evidence.

10. Item 26 on the Defendant's proposed exhibit list, being an application for employment by Plaintiff Minix with Wellborn Cabinets. Said proposed exhibit is not relevant to any of the claims or defenses in this matter and is, therefore, due to be excluded pursuant to Rule 402 of the Federal Rules of Evidence.

11. Item 27 on the Defendant's proposed exhibit list, being a sexual harassment policy of Wellborn Cabinets, signed by Plaintiff Minix. The sexual harassment of an employer, not a party of this litigation, given the fact that Minix does not dispute reading and signing the policy of this Defendant, is not relevant to any of the claims or defenses in this matter. Therefore, said proposed exhibit is due to be excluded pursuant to Rule 402 of the Federal Rules of Evidence.

12. Item 28 on the Defendant's proposed exhibit list, said item being Plaintiff Minix's termination from Wellborn Cabinets, an employer who is not a party to this matter. Said proposed exhibit is not relevant to any of the claims or defenses in this matter and is due to be excluded pursuant to Rule 402 of the Federal Rules of Evidence.

13. Item 39 on the Defendant's proposed exhibit list, being documents from the Bullock County Department of Corrections regarding Earl Benefield. This proposed exhibit is not relevant to any of the claims or defenses in this matter. Furthermore, it is overly prejudicial to Plaintiff Minix in that it introduces an irrelevant item of evidence which would serve only to improperly place the character of Plaintiff Minix into the mind of the jury. There is not a conceivable argument for this exhibit to be introduced as evidence in this matter. Furthermore, said document is hearsay. Therefore, said proposed exhibit is due to be excluded pursuant to Rules 402, 403, and 802 of the Federal Rules of Evidence.

14. Item 52 on the Defendant's proposed exhibit list, being the W-4 employee withholding form of Plaintiff Brenda Sims. Said proposed exhibit is not relevant to any of the claims or defenses in this matter and is due to be excluded pursuant to Rule 402 of the Federal Rules of Evidence.

15. Item 53 on the Defendant's proposed exhibit list, being a designation of beneficiary form for Plaintiff Brenda Sims. Said proposed exhibit is not relevant to any of the claims or defenses in this matter and is due to be excluded pursuant to Rule 402 of the Federal Rules of Evidence.

16. Item 57 on the Defendant's proposed exhibit list, said item being a return to work form for Plaintiff Brenda Sims. Said proposed exhibit is not relevant to any of the claims or defenses in this matter and is due to be excluded pursuant to Rule 402 of the Federal Rules of Evidence.

17. Item 62 on the Defendant's proposed exhibit list, said exhibits being the employment records of Plaintiff Brenda Sims for Roanoke Healthcare. Said employer is not a party to this lawsuit, and said exhibit is not relevant to any of the claims or defenses in this matter, and they are due to be excluded pursuant to Rule 402 of the Federal Rules of Evidence.

18. Items 63 and 64 on the Defendant's proposed exhibit list. Said proposed exhibits are the arrest report of Brenda Sims for a misdemeanor assault, along with the court records for said arrest. All of these exhibits are irrelevant to any of the claims or defenses in this matter. Furthermore, they are overly prejudicial to Plaintiff Brenda Sims in that they would tend to cast her in a bad light with the jury, having no probative value for any of the claims and defenses in this matter, whatsoever. Furthermore, Plaintiff Brenda Sims was never convicted of the offenses she was charged with, and the matter was dismissed. Finally, said proposed exhibits are hearsay. Therefore, said exhibits are due to be excluded pursuant to Rules 402, 403, and 802 of the Federal Rules of Evidence.

19. Items 65 and 66 on the Defendant's proposed exhibit list, said items being the sexual harassment policy and exit interview questionnaire of AMACO Fabrics, former employer of Plaintiff Brenda Sims, who is not a party to this action. None of these exhibits are relevant to any of the claims or defenses in this matter and are therefore due to be excluded pursuant to Rule 402 of the Federal Rules of Evidence. Plaintiff Brenda Sims admits to having a read and understood the sexual harassment policy of the Defendant in this case.

20. Item 68 on the Defendant's proposed exhibit list, said item being the EEOC case log of the complaint filed with the EEOC by Plaintiff Brenda Sims. Said document is irrelevant in that it is the province of the jury to determine liability. Furthermore, said proposed exhibit is overly prejudicial to Plaintiff Brenda Sims because it states that the Defendant is not culpable from an official governmental agency. Furthermore, said documents are hearsay. Therefore, said proposed exhibit is due to be excluded pursuant to Rules 402, 403, and 802 of the Federal Rules of Evidence.

21. Item 70 on the Defendant's proposed exhibit list, being a letter dated April 19, 2005 from Investigator McGee of the EEOC to Plaintiffs' co-counsel Matt White. Said exhibit is not relevant to any of the claims or defenses in this matter in that it is the province of the jury to determine whether liability exists. Said document is also overly prejudicial because it contains statements that the Defendant is not culpable from an official governmental agency. Furthermore, said exhibit is hearsay. As such, said proposed exhibit is due to be excluded pursuant to Rules 402, 403, and 802 of the Federal Rules of Evidence.

22. Item 71 on the Defendant's proposed exhibit list, being the notice of dismissal and right to suit letter to Plaintiff Brenda Sims. Said document is irrelevant in that it is the province of the jury to determine liability. Furthermore, said document is overly prejudicial to Plaintiff Brenda Sims in that it indicates the Defendant is not culpable according to an official

governmental agency. Furthermore, it is hearsay. Therefore, said proposed exhibit is due to be excluded pursuant to Rules 402, 403, and 802 of the Federal Rules of Evidence.

23. Item 72 on the Defendant's proposed exhibit list, being employment records from Emerson Network Power for Plaintiff Brenda Sims. Said exhibits are not relevant to any of the claims or defenses in this matter and are due to be excluded pursuant to Rule 402 of the Federal Rules of Evidence.

24. Item 79 on the Defendant's proposed exhibit list, said proposed exhibit being the resume of Plaintiff Linda Sims. Said proposed exhibit is not relevant to any of the claims or defenses in this matter and is due to be excluded pursuant to Rule 402 of the Federal Rules of Evidence.

25. Item 88 on the Defendant's proposed exhibit list, being the health plan of Plaintiff Linda Sims. Said proposed exhibit is not relevant to any of the claims or defenses in this matter and is due to be excluded pursuant to Rule 402 of the Federal Rules of Evidence.

26. Item 93 on the Defendant's proposed exhibit list, being a letter dated April 19, 2005 from EEOC Investigator McGee to Plaintiff's co-counsel Matt White. Said letter is not relevant to any of the claims or defenses in this matter in that it is the province of the jury to determine liability. Furthermore, the proposed exhibit is overly prejudicial to Plaintiff Linda Sims in that it states that the Defendant should not culpable according to an official governmental agency. Furthermore, said document is hearsay. Therefore, said proposed exhibit is due to be excluded pursuant to Rules 402, 403, and 802 of the Federal Rules of Evidence.

27. Item 94 on the Defendant's proposed exhibit list, being the notice of dismissal and right to suit sent to Plaintiff Linda Sims. Said proposed exhibit is not relevant to any of the claims or defenses in this matter in that it is the province of the jury to determine liability. Furthermore, said proposed exhibit is overly prejudicial to Plaintiff Linda Sims in that it states that the Defendant was not culpable according to an official governmental agency. Furthermore, the exhibit his hearsay. Therefore, said proposed exhibit is due to be excluded pursuant to Rules 402, 403, and 802 of the Federal Rules of Evidence.

28. Item 99 on the Defendant's proposed exhibit list, being an application for employment with IHOP from Plaintiff Linda Sims. Said proposed exhibit is not relevant to any of the claims or defenses in this matter and is due to be excluded pursuant to Rule 402 of the Federal Rules of Evidence.

29. Item 100 on the Defendant's proposed exhibit list, being an application for employment by Plaintiff Linda Sims with Movie Gallery. Said proposed exhibit is not relevant to any of the claims or defenses in this matter and is due to be excluded pursuant to Rule 402 of the Federal Rules of Evidence.

30. Item 101 on the Defendant's proposed exhibit list, being a sexual harassment policy of an employer of Plaintiff Linda Sims, said employer being MGA. Said document is not relevant to any of the claims or defenses in this matter and is due to be excluded pursuant to Rule 402 of the Federal Rules of Evidence. Plaintiff Linda Sims admits to having read and understood the sexual harassment policy of the Defendant in this case.

31. Item 102 on the Defendant's proposed exhibit list, being a sexual harassment policy of an employer of Plaintiff Linda Sims, said employer being Wellborn Cabinets. Said document is not relevant to any of the claims or defenses in this matter and is due to be excluded pursuant to Rule 402 of the Federal Rules of Evidence. Plaintiff Linda Sims admits to having read and understood the sexual harassment policy of the Defendant in this case.

32. Item 103 on the Defendant's proposed exhibit list, being a memo dated January 30, 2005 to Jeld-Wen, Inc. from Dan Hees regarding the departure of Richard Fetner. Said memorandum is both self-serving and hearsay. Mr. Hees has given a deposition in this matter and it is his testimony, under oath, that should be used rather than a self-serving memo. Furthermore, said memo is prejudicial to the Plaintiffs because it seeks to place the Defendant in a positive light without the benefit of cross-examination. Therefore, said proposed exhibit is due to be excluded pursuant to Rules 403 and 802 of the Federal Rules of Evidence.

33. Item 108 on the Defendant's proposed exhibit list, being a labor history record of Plaintiff Minix and Mr. Ronald Bowen. These documents have not been properly authenticated by the Defendant. Furthermore, they are hearsay and are due to be excluded pursuant to Rule 802 of the Federal Rules of Evidence.

34. Item 112 on the Defendant's proposed exhibit list, being the employment and health history of Lisa Cook. Ms. Cook is not a party to this action; she is only a witness. Her employment and health history are not relevant to any of the claims or defenses in this matter. Therefore, said proposed exhibit is due to be excluded pursuant to Rules 402 and 403 of the Federal Rules of Evidence.

35. Item 113 on the Defendant's proposed exhibit list, being a test being taken by Lisa Cook on the employee handbook of the Defendant. As Ms. Cook is not a party to this matter and only a witness, her performance on said

        test is not relevant to any of the claims or defenses in this matter. As such, said proposed exhibit is due to be excluded pursuant to Rules 402 and 403 of the Federal Rules of Evidence.

36. Item 114 on the Defendant's proposed exhibit list, being a final employee warning issued to Lisa Cook, for violation of company rules. As Ms. Cook is not a party to this matter, these proposed exhibits are not relevant to any of the claims or defenses. Furthermore, said proposed exhibits are overly prejudicial to the Plaintiffs in that they tend to place a witness for the Plaintiffs in a bad light on a collateral matter. Therefore, they are due to be excluded pursuant to Rules 402 and 403 of the Federal Rules of Evidence.

37. Items 115 and 116 on the Defendant's proposed exhibit list, being employee change notices regarding layoff dated November 18, 2002 and March 17, 2003 for Lisa Cook. Said proposed exhibits are not relevant to any of the claims and defenses in this matter and are due to be excluded pursuant to Rule 402 of the Federal Rules of Evidence.

38. Items 117 through 123 on the Defendants' proposed exhibit list, being various documents which relate to Mary Lou Laws, an employee of the Defendant at the relevant time. Ms. Laws has not appeared or testified in this matter. Furthermore, she is not a party to this matter. Any proposed exhibits regarding her are not relevant to any of the claims or defenses in this matter and are due to be excluded pursuant to Rule 402 of the Federal Rules of Evidence.

Respectfully submitted this the _02_ day of October, 2006.

James B. Douglas, Jr.
Attorney for Plaintiff
McNeal & Douglas, Attorneys at Law. L.L.C.
Ala. Bar #8935-u83j
P.O. Box 1423
Auburn, Alabama, 36831
334-821-1596

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing upon the following by sending a copy of same by first class U.S. mail, postage prepaid and properly addressed.

Dated this the _____ day of October, 2006.

Micheal L. Thompson
Lehr, Middlebrooks, Price & Vreeland, P.C.
Post Office Box 11945
Birmingham, AL 35202-1945

Scott Scofield, Esq.
Scofield, Gerard, Singletary & Pohorelsky
1114 Ryan Street
Post Office Drawer 3028
Lake Charles, LA 70601

_____
James B. Douglas, Jr.