IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| LORENA MINIX, BRENDA SIMS, and LINDA SIMS, <br><br> Plaintiffs, <br><br> v. <br><br> JELD-WEN, inc., <br><br> Defendant. | CIVIL ACTION NUMBER: <br> 3:05-cv-00685-T |

## DEFENDANT JELD-WEN'S OBJECTIONS TO PLAINTIFFS' EXHIBIT LIST

Pursuant to Section 12 of the Court's Uniform Scheduling Order, Defendant JELD-WEN, inc. ("JELD-WEN") objects to Plaintiffs' Amended Exhibit and Tangible Evidence List, a copy of which is attached hereto as Exhibit 1, as follows:

**Plaintiffs' Exhibit No. 5.** Plaintiffs designated D00446 as the first page of their Exhibit 5. Page D00446 of Exhibit 5 is the "Consent to Mediation" form executed by JELD-WEN indicating its willingness to participate in the Equal Employment Opportunity Commission's voluntary Alternative Dispute Resolution Process. Defendant's counsel confirmed with Plaintiffs' counsel that the inclusion of Page D00446 was a typographical error and Plaintiffs do not intend to use the consent form as an exhibit.

**Plaintiffs' Exhibit 6.** Plaintiffs identified the entire personnel file of Joe Mendoza as Exhibit 6. Mr. Mendoza's personnel file contains materials dating as long ago as August 15, 1975, and is comprised of 71 pages. Many of the documents contained in the file are irrelevant, inadmissible hearsay and/or such that the admission of same would constitute nothing more than a waste of time. Accordingly, JELD-WEN reserves any and all objections it has to the materials designated as Exhibit 6.

**Plaintiffs' Exhibits 7 and 17.** Plaintiffs designated the October 18, 2004 Severance and Release Agreement executed by Richard Fetner as Exhibits 7 and 17. JELD-WEN objects to the admission of Mr. Fetner's severance agreement because it is not relevant, in any way, to any fact that is of consequence in this action (Fed. R. Evid. 402) because the parties have stipulated that Mr. Fetner resigned his employment effective October 13, 2004, and no conduct after that date is relevant to Plaintiffs' claims. Furthermore, even if the Severance and Release Agreement was relevant, any probative value of the proposed exhibit is substantially outweighed by the danger of unfair prejudice to JELD-WEN; the admission of the agreement will unfairly cause confusion regarding the relevant issues, and will mislead the trier of fact. (Fed. R. Evid. 403). Lastly, the Severance and Release Agreement includes a compromise and release of any claims Mr. Fetner may have had against JELD-WEN and evidence that JELD-WEN engaged in and/or was willing to engage in compromise discussions is inadmissible per Fed. R. Evid. 408.

**Plaintiffs' Exhibit 15.** Plaintiffs designated the blank December 7, 2004 Severance and Release Agreement that was used as an exemplar during the deposition of Linda Sims as Exhibit 15. JELD-WEN objects to the admission of the exemplar Severance and Release Agreement because it is not relevant, in any way, to any fact that is of consequence in this action (Fed. R. Evid. 402). Exhibit 15 is not specific to any employee or former employee of Defendant JELD-WEN. In fact, Exhibit 15 does not, on its face, even refer to the JELD-WEN facility in Roanoke, Alabama. The Plaintiffs assert harassment claims related to incidents that allegedly occurred during the course of their employment and no claim is made regarding the termination of their

employment. Thus, the Severance and Release Agreement is entirely irrelevant. Furthermore, even if the Severance and Release Agreement was relevant, any probative value of the proposed exhibit is substantially outweighed by the danger of unfair prejudice to JELD-WEN, the admission of the agreement will unfairly cause confusion regarding the relevant issues, and it will mislead the tried of fact. (Fed. R. Evid. 403). Lastly, the proposed severance agreement includes a compromise and release of any claims that the recipient may have had against JELD-WEN and evidence that JELD-WEN engaged in and/or was willing to engage in compromise discussions is inadmissible per Fed. R. Evid. 408.

**Plaintiffs' Exhibits 18 & 19.** Plaintiffs designated JELD-WEN's Management Agreement and Severance Program as Exhibits 18 and 19. The only possible use of either of these documents relates to the severance payment made to Richard Fetner after his October 13, 2004, termination of employment. Defendant objects to this information for the same reasons set forth above related to Plaintiffs' Exhibits 7 and 17.

WHEREFORE, PREMISES CONSIDERED Defendant JELD-WEN, inc. respectfully requests that the Court find its objections well taken and exclude Plaintiffs' Exhibit Nos. 5 (page D00446), 6, 7, 15, 17, 18, and 19 from any use in this matter.

Respectfully Submitted,

s/Michael L. Thompson THO152
Michael L. Thompson THO152

OF COUNSEL:
LEHR MIDDLEBROOKS & VREELAND, P.C.
P.O. Box 11945
Birmingham, Alabama 35202-1945
(205) 326-3002

Scott Scofield, Esq.
Scofield, Gerard, Singletary & Pohorelsky
1114 Ryan Street
P.O. Drawer 3028
Lake Charles, LA  70601
(337) 433-9436

## CERTIFICATE OF SERVICE

    I hereby certify that on October 10, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

        James B. Douglas, Jr., Esq.
        McNeal & Douglas, Attorneys at Law, L.L.C.
        P.O. Box 1423
        Auburn, AL  36831

        Matthew W. White, Esq.
        Adams, Umbach, Davidson & White, LLP
        P.O. Box 2069
        Opelika, AL  36803-2069

        Respectfully submitted,

        s/Michael L. Thompson THO152
        Michael L. Thompson THO152
        Lehr Middlebrooks & Vreeland, P.C.
        P.O. Box 11945
        Birmingham, AL 35202-1945
        Phone:  (205) 326-3002
        Fax:  (205) 326-3008
        E-mail: mthompson@lehrmiddlebrooks.com
        Bar No.: ASB-5417-O46M

163789

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| LORENA MINIX, et al., | ) |
| | ) |
| PLAINTIFFS, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 3:05CV685-T |
| | ) |
| | ) |
| JELD-WEN, INC. | ) |
| | ) |
| DEFENDANT. | ) |

### PLAINTIFFS' AMENDED EXHIBIT AND TANGIBLE EVIDENCE LIST

**COMES NOW** the Plaintiffs, pursuant to § 12 of the Court's Scheduling Order, and by agreement of the parties, discloses the following amended exhibit and tangible evidence to be used at trial. Upon information and belief, counsel for Defendant is in possession of all of these possible exhibits.

1. Discovery document pages D 1 - 27.
2. Discovery document pages D 297 - 298.
3. Discovery document pages D 317 - 321.
4. Discovery document page D 351.
5. Discovery document pages D 446 - 535.
6. Discovery document pages D 536 - 609.
7. Discovery document pages D 610 - 613.
8. Discovery document pages D 639 - 654.
9. Discovery document pages D 678 - 692.
10. Discovery document pages D 694 - 701.



EXHIBIT 1

11. Discovery document pages 703 - 710.

12. Linda Sims deposition exhibit T – 00654.

13. Linda Sims deposition exhibit T – 00648.

14. Linda Sims deposition exhibit number 13.

15. Linda Sims deposition exhibit number 28.

16. Richard Fetner deposition exhibit number 1.

17. Richard Fetner deposition exhibit number 2.

18. Rob Sturm deposition exhibit number 2.

19. Rob Sturm deposition exhibit number 3.

20. Any exhibit listed on any exhibit list of the defendant.

Respectfully submitted this the 28th day of September, 2006.

James B. Douglas, Jr.
Attorney for Plaintiff
McNeal & Douglas, Attorneys at Law. L.L.C.
AL Bar #8935-u83j
P.O. Box 1423
Auburn, Alabama, 36831
334-821-1596

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing upon the following by U. S. mail postage prepaid.

Dated this the 28th day of September, 2006.

Michael L. Thompson
Attorney for Defendant
Lehr. Middlebrooks &

Vreeland, P.C.
P. O. Box 11945
Birmingham, AL 35202-1945

_____
James B. Douglas, Jr.