IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| LORENA MINIX, et al., | ) |
|     PLAINTIFFS, | ) |
| v. | ) CIVIL ACTION NO. 3:05CV685-T |
| JELD-WEN, INC. | ) |
|     DEFENDANT. | ) |

### PLAINTIFFS' MOTION IN LIMINE

Pursuant to this Court's Order, the plaintiffs hereby move, in limine, that the Court exclude the following from evidence at the trial of this matter.

**A. Any evidence regarding Earl Benefield.**

Earl Benefield is the brother of Plaintiff Lorena Minix. He is currently incarcerated for a rape conviction in Randolph County, Alabama. Defendant has listed an exhibit which pertains to a temporary release Mr. Benefield received to attend his mother's funeral. Apparently, Richard Fetner, the manager of the Defendant who is the accused wrong-doer in this case, claims some credit for securing Benefield's temporary release. Defendant presumably offers this evidence to rebut Ms. Minix's claims of harassment by showing an act of benevolence toward Ms. Minix by Fetner.

Rule 404(a) of the Federal Rules of Evidence indicates that evidence of a person's character, "is not admissible for the purpose of proving action in conformity therewith…" As such, this alleged act of kindness is not admissible to prove that Fetner

did not harass Ms. Minix. Furthermore, Rule 403 of the Federal Rules of Evidence excludes evidence where the probative value is substantially outweighed by, inter alia, "unfair prejudice" or "waste of time." Having Ms. Minix associated with her brother, who is a convicted rapist, would be extremely prejudicial to her and may place her in ill repute with the jury. Furthermore, Ms. Minix disputes that Fetner had a role in her brother's temporary release, indicating that her sister actually called the prison. (Minix p. 256). Having a mini trial on who secured Benefield's temporary release from prison would waste the jury's time on a matter that is clearly not relevant to the disputed claims or defenses in this case. Therefore, Plaintiffs move the Court exclude any evidence regarding Mr. Benefield.

**B. Any evidence of Plaintiff Brenda Sims' arrest.**

Defendant has listed on arrest report and other court documents regarding an occasion where Plaintiff Brenda Sims was arrested on misdemeanor assault charges; Ms. Sims testified about this incident in her deposition. Ms. Sims was involved in an altercation with her daughter-in-law in June of 2004. Ms. Sims was arrested and Mr. Fetner posted her bond for her to get out of jail. Ms. Sims indicated that she called Fetner to let him know that she would not be at work the next day. Ms. Sims was not convicted of an offense and testified that the matter was dismissed.

Defendant, again, presumably seeks to introduce this evidence to show a history of benevolence toward Ms. Sims by Fetner. As stated earlier, this type of evidence cannot be used to prove that Fetner did not harass her. **See rule 404(a) F. R. Evid.** Furthermore, Rule 403 also precludes the introduction of this evidence because its probative value, if any, would be substantially outweighed by its prejudicial effect on Ms. Sims. To let the jury hear

that Ms. Sims was arrested for assault would probably place her in derision with the jury to the extent that she would not be given a fair chance to prove the merits of her case. Also, to have another mini trial on why Ms. Sims chose to call Fetner would be a waste of the jury's time, causing undo delay, which is also precluded by Rule 403. Finally, since Ms. Sims was not convicted of a crime that is admissible for impeachment under rule 609 of the Federal Rules of Evidence, it cannot be used for that purpose either. Therefore, Plaintiffs move the Court to exclude any evidence of Plaintiff Brenda Sims' arrest.

### C. Any Medical Evidence that does not relate to damages.

Defendant has secured voluminous medical records for all three Plaintiffs in this matter from different medical providers. While Plaintiffs concede that Defendant may use these records to prove the absence of mental anguish or other issues related to damages claimed in this case, Plaintiffs object to irrelevant and highly personal medical entrees being seen by the jury.

If the records do not relate to some issue of damages in the case, then they are irrelevant. Rule 402 of the Federal Rules of Evidence makes clear that only relevant evidence will be admissible at trial. Plaintiffs would move the Court to exclude any irrelevant evidence contained in the Plaintiffs' medical records and order that the Defendant redact any matters that are not relevant before said records are submitted to the jury as an exhibit.

### D. Any opinion evidence of the Plaintiffs' motivation for bringing this case as well as any opinion evidence regarding the merits of the case.

First, Roxi Giles, the office manager for Defendant at the relevant time, indicated that she believed the case was "stupid." Obviously Ms. Giles opinion of the case is

irrelevant and should not be admissible pursuant to Rule 402 of the Federal Rules of Evidence.

Second, Towanna Zachery testified in her deposition that she did not believe the charges of harassment against Fetner. When questioned why she did not believe the charges, Ms. Zachery stated that the delay in the complaints persuaded her that the complaints were not true. **See Zachery at 19.** Although Ms. Zachery may keep her opinions regarding the veracity of Plaintiffs' claims based on that speculation, it is certainly not permissible opinion evidence under rule 701 of the Federal Rules of Evidence. Furthermore, it is the ultimate decision of the jury to determine the truthfulness of the claims and defenses in this matter. As such, Ms. Zachery's speculation is inadmissible.

Third, Lisa Cook, a co-employee of the Plaintiffs expressed an opinion that the Plaintiff's were, "out for the money." Ms. Cook admits that she has never been told such by any of the Plaintiffs but surmises it based on a question to Dan Hees, General Manager of the facility, concerning a possible monetary settlement when Hees informed the Plaintiffs and others that Fetner was no longer working with the company.

Ms. Cook's speculation regarding the Plaintiffs' motives is not relevant to any of the issues in the case. As such, the opinion is due to be excluded under Rule 402 of the Federal Rules of Evidence. Furthermore, offers of settlement, which is what Ms. Cook claims to have based her opinion, are not admissible under Rule 408 of the Federal Rules of Evidence. Therefore, Plaintiffs move the Court to forbid these witnesses from offering any improper, speculative, irrelevant, or opinions regarding the merits of the case or the motivation of the Plaintiffs for filing the case.

E.  **Evidence of other litigation by any Plaintiff.**

Plaintiff Linda Sims is involved in another lawsuit involving the home of a family member.  Plaintiff Brenda Sims was a class litigant in a class action against Dow-Corning involving silicone breast implants.  These other cases do not involve sexual harassment and are not, in any way, relevant to any of the claims or defenses in this matter. As such, any evidence regarding the same is due to be excluded pursuant to Rule 402 of the Federal Rules of Evidence.  Introduction of this evidence would also be overly prejudicial to the Plaintiffs, in violation of Rule 403 of the Federal Rules of Evidence, in that it may cause the jury to think the Plaintiffs are litigious.  Therefore, Plaintiffs move the Court to exclude any evidence of these other legal matters.

Done this the 10th day of October, 2006.

James B. Douglas, Jr.
Attorney for Plaintiff
McNeal & Douglas, Attorneys at Law. L.L.C.
P.O. Box 1423
Al bar #8935-u83j
Auburn, Alabama, 36831
334-821-6401

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing upon the following by sending a copy of same by first class U.S. mail, postage prepaid and properly addressed.

Dated this the 10th day of October, 2006.

James B. Douglas, Jr.

Micheal L. Thompson
Lehr, Middlebrooks, Price & Vreeland, P.C.
Post Office Box 11945
Birmingham, AL 35202-1945

Scott Scofield, Esq.
Scofield, Gerard, Singletary & Pohorelsky
1114 Ryan Street
Post Office Drawer 3028
Lake Charles, LA 70601