IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| **LORENA MINIX, BRENDA SIMS, and LINDA SIMS,** )<br>)<br>**Plaintiffs,** )<br>)<br>v. )<br>)<br>**JELD-WEN, inc.** )<br>)<br>**Defendant.** )<br>) | **CIVIL ACTION NUMBER:**<br>**3:05-cv-00685-T** |

**DEFENDANT'S FIRST MOTION IN LIMINE – FETNER SEVERANCE**

Defendant JELD-WEN, inc., (hereinafter "Defendant" or "JELD-WEN"), pursuant to Fed. R. Evid. 402, 403, and 408, moves this Court in limine to exclude from the jury any evidence, testimony, argument, or other reference by counsel or any witness regarding any severance agreement or package that was offered to and/or received by Richard Fetner after the October 13, 2004 termination of his JELD-WEN employment. As grounds for granting this motion, Defendant shows as follows:

1.   Plaintiffs may attempt to call one or more current or former JELD-WEN employees or officers, or may cross-examine such persons as the Defendant calls, on the subject of the severance package that Richard Fetner received after he left Defendant's employ on or around October 13, 2004.

2.   Plaintiffs have identified the Severance and Release Agreement between the Defendant and Richard Fetner as an Exhibit in this case.  (See Plaintiffs' Exhibit List, Nos. 7 and 17).  Further, Plaintiffs have identified JELD-WEN's severance program and Management Agreement as exhibits.  (See Plaintiffs' Exhibit List, Nos. 18 and 19).

3. Evidence concerning the Severance and Release Agreement between Defendant and Mr. Fetner is irrelevant to the question of Defendant's liability in this case, and should therefore be excluded pursuant to Fed. R. Evid. 402. It is anticipated that Plaintiffs will attempt to use the Severance and Release Agreement and any payment thereunder to unfairly confuse the trier of fact.

4. As a matter of law, the employer is allowed discretion in how it administers its sexual harassment policy, as long as the policy is administered and enforced in a way that "stop[s] the harassment, correct[s] its effect on the employee, and ensure[s] that the harassment does not recur." See Enforcement Guidance: Vicarious Employer Liability for Unlawful Harassment by Supervisors, E.E.O.C. Notice No. 915.002 (June 18, 1999); See also Walton v. Johnson & Johnson Services, Inc., 347 F.3d 1272, 1288 (11th Cir. 2003) ("But where the substantive measures taken by the employer are sufficient to address the harassing behavior, complaints about the process under which those measures are adopted ring hollow."); See also Todd v. Ortho Biotech, Inc., 138 F.3d 733, 738-739 (8th Cir. 1998) (In considering whether employer's action in severing alleged harasser's employment with a six-figure payout was sufficiently prompt and corrective under state law parallel in this respect to Title VII, the court held "we do not fault Ortho for its decision to buy peace with Moreland with a severance package.") (distinguished on other grounds in Cross v. Cleaver, 142 F.3d 1059, 1073 (8th Cir. 1998)); Reese v. Meritor Automotive, 113 F.Supp.2d 822, 828 (W.D.N.C. 2000) (despite early retirement package and retirement party being given to supervisor-harasser, no reasonable jury could conclude that employer had failed to provide a prompt and

remedial response to employee's harassment complaint: "the law merely requires that the employer's response be reasonably effectual, not done with malice.").

5.  The Severance and Release Agreement and payment that followed the immediate removal of Mr. Fetner from the workplace have no bearing on JELD-WEN's defenses or Plaintiffs' claims.  Its <u>only</u> possible use is to confuse the trier of fact and give rise to an unfairly prejudicial impact on JELD-WEN.

6.  As the Severance and Release Agreement bears no impact on JELD-WEN's defense that it took swift and sufficient action to remove and remedy the alleged harassment (the parties have stipulated that Fetner last worked at JELD-WEN on October 13, 2004), and it has no bearing on Plaintiffs' case in chief, the severance agreement and any evidence related to are wholly and completely irrelevant and must be excluded pursuant to Fed. R. Evid. 402.

7.  In the alternative, pursuant to Fed. R. Evid. 403, JELD-WEN requests that this Court exclude any evidence related to the Severance and Release Agreement or payment because it is such a tangential detail that its inclusion will cause an undue amount of confusion and waste of time, such that any probative information gained from its introduction will be substantially and unfairly outweighed by the ill effects of introducing the information.

8.  Specifically, if the Court allows inquiry into this issue at trial, Defendant will have to present additional evidence to put the severance payment in context, wasting time on an irrelevant issue.  Addressing this matter through the presentation of additional evidence as well as through instructions explaining the absence of any role that the severance arrangement has in applying the law to the facts and controversies

of this case will result in a vastly disproportionate expenditure of time and emphasis to this ancillary issue. Doing so will not only confuse the issues that are actually contested in this case but will also waste the Court's time. Therefore, if it is not found to be irrelevant, references to the details of Richard Fetner's Severance and Release Agreement should be excluded under Fed. R. Evid. 403 because its miniscule probative value is substantially outweighed by the subsequent costs of confusion of the issues and waste of time. U.S. v. Russell, 707 F.2d 518, 520 (11th Cir. 1983) ("The Federal Rules of Evidence discourage the admission of extrinsic evidence to prove or disprove issues which are collateral to the subject matter of the case.") (citing Fed. R. Evid. 403); in the civil context, See Anderson v. WBMG-42, 253 F.3d 561, 567 (2001) ("Although relevant, Rule 403 nonetheless permits exclusion when the probative value of the evidence is outweighed by considerations of time.").

9. Additionally, Fetner's Severance and Release Agreement is due to be excluded as a compromise under Fed. R. Evid. 408. There are two bases for excluding compromises and offers to compromise: "(1) The evidence is irrelevant, since the offer may be motivated by a desire for peace rather than from any concession of weakness of position.... (2) A more consistently impressive ground is promotion of the public policy favoring the compromise and settlement of disputes." Fed. R. Evid. 408, advisory committee's note. Commenting on the Rule's purpose, the Fifth Circuit has noted, "The spectre of a subsequent use to prejudice a separate and discrete claim is a disincentive which Rule 408 seeks to prevent." Branch v. Fidelity & Casualty Co., 783 F.2d 1289, 1294 (5th Cir. 1986).

10. Defendant notes that while the Eleventh Circuit has not issued a blanket ruling regarding the admissibility of severance agreements that are executed in conjunction with the termination of employment, the Eighth Circuit has excluded such agreements under Fed. R. Evid. 408 and held that it would not be an abuse of discretion to withhold such agreements under Fed. R. Evid. 403 based on the unduly prejudicial nature of the document. Swan v. Interstate Brands Corp., 333 F.3d 863, 864 (2003) (affirming district court's exclusion of Severance Agreement and Release in discrimination lawsuit).

11. Fed. R. Evid. 408 has been applied liberally, including in cases where plaintiffs sought to introduce compromise agreements between the defendant and third parties where the settlement has arisen from the same transaction or dispute. See Dallis v. Aetna Life Ins. Co., 768 F.2d 1303, 1306 (11th Cir. 1985) (Fed. R. Evid. 408 applies to "situations involving settlements between one of the parties and a third party, where such settlements have arisen out of the same transaction that is in dispute."). Defendant notes that Fetner was once its co-defendant in this suit as evidence that the parties and Fetner are involved in the same claim.

12. Because of the direct language and logical foundations behind Fed. R. Evid. 408, the Defendant requests that its business decision to propose preemptively a settlement with Fetner not be used as a sword against it in ensuing litigation arising from the same core allegations. This admission of such information would directly discourage employers from entering such agreements in the future.

WHEREFORE, PREMISES CONSIDERED, Defendant JELD-WEN respectfully requests that no reference be permitted and no evidence introduced regarding JELD-WEN's Severance and Release Agreement with Richard Fetner.

                                        Respectfully Submitted,

                                        s/Michael L. Thompson
                                        Michael L. Thompson THO152

OF COUNSEL:
LEHR MIDDLEBROOKS & VREELAND, P.C.
P.O. Box 11945
Birmingham, Alabama 35202-1945
(205) 326-3002

Scott Scofield, Esq.
Scofield, Gerard, Singletary & Pohorelsky
1114 Ryan Street
P.O. Drawer 3028
Lake Charles, LA 70601
(337) 433-9436

## CERTIFICATE OF SERVICE

  I hereby certify that on October 11, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

    James B. Douglas, Jr., Esq.
    McNeal & Douglas, Attorneys at Law, L.L.C.
    P.O. Box 1423
    Auburn, AL  36831

    Matthew W. White, Esq.
    Adams, Umbach, Davidson & White, LLP
    P.O. Box 2069
    Opelika, AL  36803-2069


      Respectfully submitted,


      <u>s/Michael L. Thompson THO152</u>
      Michael L. Thompson THO152
      Lehr Middlebrooks & Vreeland, P.C.
      P.O. Box 11945
      Birmingham, AL 35202-1945
      Phone:  (205) 326-3002
      Fax:  (205) 326-3008
      E-mail: mthompson@lehrmiddlebrooks.com
      Bar No.: ASB-5417-O46M

163142.doc