IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| **LORENA MINIX, BRENDA SIMS, and LINDA SIMS,**   **Plaintiffs,**   v.   **JELD-WEN, inc.**   **Defendants.** | ) ) ) ) ) ) ) ) ) ) ) ) )   **CIVIL ACTION NUMBER:**   **3:05-cv-00685-T** |

**DEFENDANT'S SECOND MOTION IN LIMINE –
SEVERANCE PROGRAM MATERIALS**

Defendant JELD-WEN, inc., (hereinafter "Defendant" or "JELD-WEN"), pursuant to Fed. R. Evid. 104, 402, and 403, moves this Court in limine to exclude from the jury any evidence, testimony, argument, or other reference by counsel or any witness regarding JELD-WEN's severance program including JELD-WEN's exemplar Severance and Release Agreement, Severance Program and Management Agreement. As grounds for granting this motion, Defendant shows as follows:

1.     Plaintiffs have identified an exemplar Severance and Release Agreement, JELD-WEN's Severance Program, and Management Agreement as proposed exhibits. (*See* Plaintiffs' Exhibit List, Nos. 15, 18, and 19).

2.     Evidence concerning these documents and/or JELD-WEN's severance program in general is not relevant to any issue regarding Defendant's liability in this case and should be excluded pursuant to Fed. R. Evid. 402.  It is anticipated that Plaintiffs will attempt to use these documents to unfairly confuse the trier of fact by attempting to establish that Richard Fetner received a severance payment – after his

employment terminated - under facts inconsistent with the positions stated in these documents.  These documents and Plaintiffs' intended use thereof does not satisfy the basic relevancy standard of making any fact of consequence more or less likely to be true.  Fed. R. Evid. 401.

       3.     As a matter of law, the employer is allowed discretion in how it administers its sexual harassment policy, as long as the policy is administered and enforced in a way that "stop[s] the harassment, correct[s] its effect on the employee, and ensure[s] that the harassment does not recur."  See Enforcement Guidance: Vicarious Employer Liability for Unlawful Harassment by Supervisors, E.E.O.C. Notice No. 915.002 (June 18, 1999); See also Walton v. Johnson & Johnson Services, Inc., 347 F.3d 1272, 1288 (11th Cir. 2003) ("But where the substantive measures taken by the employer are sufficient to address the harassing behavior, complaints about the process under which those measures are adopted ring hollow."); See also Todd v. Ortho Biotech, Inc., 138 F.3d 733, 738-739 (8th Cir. 1998) (In considering whether employer's action in severing alleged harasser's employment with a six-figure payout was sufficiently prompt and corrective under state law parallel in this respect to Title VII, the court held "we do not fault Ortho for its decision to buy peace with Moreland with a severance package.") (distinguished on other grounds in Cross v. Cleaver, 142 F.3d 1059, 1073 (8th Cir. 1998)); Reese v. Meritor Automotive, 113 F.Supp.2d 822, 828 (W.D.N.C. 2000) (despite early retirement package and retirement party being given to supervisor-harasser, no reasonable jury could conclude that employer had failed to provide a prompt and remedial response to employee's harassment complaint: "the law merely requires that the employer's response be reasonably effectual, not done with malice.").

4.      In the alternative, pursuant to Fed. R. Evid. 403, JELD-WEN requests that this Court exclude any evidence related to its severance program, the Management Agreement, the Severance Program and/or the exemplar Severance and Release Agreement because it is such a tangential detail that its inclusion will cause an undue amount of confusion and waste of time, such that any probative information gained from its introduction will be substantially and unfairly outweighed by the ill effects of introducing the information.

5.      Specifically, if the Court allows inquiry into this issue at trial, Defendant will be required to present additional evidence regarding its severance program including reasons why it is advantageous for an employer to obtain a waiver and release from an employee whose employment ended after allegations of harassment were made against the employee.  See e.g., Winkle v. Southwestern Bell Telephone Co., 195 F.3d 418 (8th Cir. 1999) (manager terminated for alleged sexual harassment of employee filed suit against employer alleging wrongful discharge).  Therefore, if not found to be irrelevant, references to JELD-WEN's Management Agreement and Settlement Program documentation should be excluded under Fed. R. Evid. 403 due to the extent to which their miniscule probative value is substantially outweighed by the subsequent costs of confusion of the issues and waste of time.  U.S. v. Russell, 707 F.2d 518, 520 (11th Cir. 1983) ("The Federal Rules of Evidence discourage the admission of extrinsic evidence to prove or disprove issues which are collateral to the subject matter of the case.") (citing Fed. R. Evid. 403).  The Eleventh Circuit has affirmed with approval the decision of a court to exclude an issue that, like the one at hand, would have "generated a mini-trial on collateral issues." Anderson v. WBMG-42, 253 F.3d 561, 567 (11th Cir. 2001).

6. Alternatively, Defendant notes that this information and documents—whose basic relevance it contests—are completely immaterial absent introduction of other, similarly contested, materials, specifically Fetner's severance agreement. While Defendant remains of the position that all of these documents are wholly irrelevant since no issue of law or fact exists to its having addressed the allegations promptly and adequately, it also observes that, should the Court find otherwise, the exemplar Severance and Release Agreement, Severance Program and Management Agreement are relevant only if Plaintiffs are permitted to introduce Fetner's Severance and Release Agreement. Defendant has already established numerous grounds for why that agreement should be excluded, and renews those objections expressed in its First Motion in Limine. Under Fed. R. Evid. 104(b), when the relevance of evidence is conditioned on the establishment of some foundational fact, the court shall only admit that evidence upon or subject to the establishment of that foundation. If none of the previously asserted rationales for excluding this evidence are adopted by this Court, JELD-WEN requests that the Court to exclude these documents pursuant to its grant of Defendant's First Motion in Limine.

WHEREFORE, PREMISES CONSIDERED, Defendant JELD-WEN respectfully requests that no reference be permitted and no evidence introduced regarding JELD-WEN's severance program, the exemplar Severance and Release Agreement, the Severance Program document and/or its Management Agreement.

                Respectfully Submitted,

                s/Michael L. Thompson
                Michael L. Thompson THO152

OF COUNSEL:
LEHR MIDDLEBROOKS & VREELAND, P.C.
P.O. Box 11945
Birmingham, Alabama 35202-1945
(205) 326-3002

Scott Scofield, Esq.
Scofield, Gerard, Singletary & Pohorelsky
1114 Ryan Street
P.O. Drawer 3028
Lake Charles, LA  70601
(337) 433-9436

## CERTIFICATE OF SERVICE

I hereby certify that on October 11, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

> James B. Douglas, Jr., Esq.
> McNeal & Douglas, Attorneys at Law, L.L.C.
> P.O. Box 1423
> Auburn, AL  36831
>
> Matthew W. White, Esq.
> Adams, Umbach, Davidson & White, LLP
> P.O. Box 2069
> Opelika, AL  36803-2069

Respectfully submitted,

<u>s/Michael L. Thompson THO152</u>
Michael L. Thompson THO152
Lehr Middlebrooks & Vreeland, P.C.
P.O. Box 11945
Birmingham, AL 35202-1945
Phone:  (205) 326-3002
Fax:  (205) 326-3008
E-mail: mthompson@lehrmiddlebrooks.com
Bar No.: ASB-5417-O46M

163786.doc