IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| **LORENA MINIX, BRENDA SIMS, and LINDA SIMS,**<br><br>Plaintiffs,<br><br>v.<br><br>**JELD-WEN, inc.**<br><br>Defendants. | CIVIL ACTION NUMBER:<br>3:05-cv-00685-T |

### DEFENDANT'S FOURTH MOTION IN LIMINE -
### EXCLUDE STACEY COOK OVERTON AS A WITNESS

Defendant JELD-WEN, inc., (hereinafter "Defendant" or "JELD-WEN") moves this Court in limine, pursuant to Rules 402 and 403 of the Federal Rules of Evidence, to exclude from the jury any testimony from and/or regarding Stacy Cook Overton. As grounds for the granting of this motion, Defendant shows as follows:

1. Plaintiffs may attempt to call Stacy Cook Overton to testify about an incident wherein she alleges that Richard Fetner engaged her in nonconsensual sexual contact (*See* Plaintiff's Witness List, "Witnesses [Who] May Be Called," No. 1).

2. Importantly, this incident allegedly occurred before JELD-WEN acquired the facility at issue and JELD-WEN had no relationship whatsoever with Mr. Fetner, Ms. Overton, or any other employee of the facility. Also notable is the fact that Ms. Overton alleges that this incident occurred at Ms. Overton's private residence and not in the workplace.

3. Furthermore, Ms. Overton testified at deposition that she does not want to testify or play any role in this case. Simply providing her deposition testimony resulted

in her experiencing marital problems. <u>See</u> Overton, 72:10-15, attached hereto as Exhibit A. Therefore, any evidence, argument, or allusion relating to this episode is irrelevant, and must excluded pursuant to Fed. R. Evid. 402.

    4.    Plaintiffs may seek to exploit Ms. Overton's allegation to suggest that Defendant should have been on notice of a supposed assault that occurred away from the workplace and prior to Defendant's taking over the plant. However, because Ms. Overton chose to keep the matter private (initially telling her roommate and sister-in-law, only recently telling her husband, never telling her mother, and certainly never reporting it, <u>See</u> Overton 64:14-21; 74:7-11), such an argument would be untenable. Therefore, this evidence should be excluded because, under Fed. R. Evid. 402, it is irrelevant both to Plaintiffs' allegation of workplace harassment and Defendant's defenses.

    5.    Furthermore, this incident—even if it were relevant, which it is not—would only serve to confuse or mislead the jury as to the issues being tried and the conduct to which Plaintiffs claim they were subjected (i.e., workplace harassment). None of the three Plaintiffs alleges that she was subjected to unlawful harassment outside the workplace.

    6.    Additionally, given the grave offensiveness of the conduct which Ms. Overton alleges, the introduction of this incident at trial would unfairly prejudice the jury against the Defendant, who did not employ either party at the time and was never made aware of this claim until Ms. Overton's deposition. In the harassment context, such inflammatory allegations concerning past behavior are only sufficiently probative if there is also a showing that the employer knew of that instance of misconduct. <u>Cleveland v. KFC National Management Co.</u>, 948 F.Supp. 62, 66 (N.D. Ga. 1996). <u>Compare Griffin</u>

v. City of Opa-Locka, 261 F.3d 1295 (11th Cir. 2001) (Where supervisor's history of sexually harassing behavior was common knowledge in small town, plaintiff could introduce prior incidents to show that defendant municipality had a policy of condoning sexual harassment).  Plaintiffs have neither alleged nor shown that Defendant had knowledge of Ms. Overton's claims, and Ms. Overton herself acknowledges that she treated it as a very private matter.  Overton, 64:14-21, 65:23-66:5.

7. As such, any mention of this incident should be excluded under Fed. R. Evid. 403 because the probative value—if any—is substantially outweighed by its prejudicial effect to the Defendant, as well as the near certainty that introducing this incident will confuse the issues actually contested in this case and the strong likelihood that testimony about this allegation will be used to mislead the jury.

8. Further, Ms. Overton's testimony regarding this incident—if found to be at all probative—should be excluded because of the waste of time and judicial resources that would ensue.  Introduction of this matter would result in a mini-trial on an issue that is collateral at best.  The Eleventh Circuit has affirmed with approval the decision of a court to exclude an issue that, like the one at hand, would have "generated a mini-trial on collateral issues".  Anderson v. WBMG-42, 253 F.3d 561, 567 (11th Cir. 2001).

9. Finally, Ms. Overton's deposition testimony—other than about this particular occurrence—is otherwise based on hearsay or is completely redundant to other witnesses Plaintiffs intend to call.  Because Ms. Overton's testimony—either in person or through deposition—can impart no relevant knowledge that will not be either irrelevant or a redundant waste of time, her testimony ought to be excluded from trial. Fed. R. Evid. 403; See e.g., Scordill v. Louisville Ladder Group, LLC, 2004 WL 307475

at *5 (E.D. La.) (Proposed expert's testimony was limited only to issues that did not overlap with party's other experts because such overlap would be needlessly cumulative under Fed. R. Evid. 403.); <u>Dahlin v. Evangelical Child and Family Assoc.</u>, 2002 WL 31834881 at *5 (N.D. Ill.) (Motion in limine granted where opposing party sought to offer two experts whose testimonies would be "entirely and unnecessarily duplicative;" party had to select only one expert to testify.); <u>Stedman v. Hoogendorn, Talbot, Davids, Godfrey and Milligan</u>, 1996 WL 131684 at *3 (N.D. Ill.) (Trial court, on motion to bar witness, excluded a potential expert where two of three issues within witness' knowledge were undisputed and his testimony on the third issue would have been cumulative.).

JELD-WEN further reserves the right to object to the admission of any evidence encompassed by Fed. R. Civ. P. 415 based on Plaintiffs' failure to disclose same as required by Rule 415(b). Such disclosure had not been made as of the date this motion was submitted.

WHEREFORE, PREMISES CONSIDERED, Defendant JELD-WEN, inc. respectfully requests that the Court exclude Stacey Overton as a witness and further exclude any testimony related to Ms. Overton including the alleged incident with Mr. Fetner.

    Respectfully Submitted,

    s/Michael L. Thompson
    Michael L. Thompson THO152

OF COUNSEL:
LEHR MIDDLEBROOKS & VREELAND, P.C.
P.O. Box 11945
Birmingham, Alabama 35202-1945
(205) 326-3002

Scott Scofield, Esq.
Scofield, Gerard, Singletary & Pohorelsky
1114 Ryan Street
P.O. Drawer 3028
Lake Charles, LA  70601
(337) 433-9436

## **CERTIFICATE OF SERVICE**

      I hereby certify that on October 11, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

>James B. Douglas, Jr., Esq.
>McNeal & Douglas, Attorneys at Law, L.L.C.
>P.O. Box 1423
>Auburn, AL  36831
>
>Matthew W. White, Esq.
>Adams, Umbach, Davidson & White, LLP
>P.O. Box 2069
>Opelika, AL  36803-2069

>Respectfully submitted,
>
>s/Michael L. Thompson THO152
>Michael L. Thompson THO152
>Lehr Middlebrooks & Vreeland, P.C.
>P.O. Box 11945
>Birmingham, AL 35202-1945
>Phone:  (205) 326-3002
>Fax:  (205) 326-3008
>E-mail: mthompson@lehrmiddlebrooks.com
>Bar No.: ASB-5417-O46M

163035.doc