UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

LORENA MINIX, BRENDA
SIMS and LINDA SIMS,
      Plaintiffs

VS.                              CIVIL ACTION NO. 3:05-cv-685-T

JELD-WEN, INC. and
RICHARD FETNER,
      Defendants

INDIVIDUAL JURY INSTRUCTIONS
BASIC INSTRUCTION NO. 1

In deciding the case, you must follow and apply all of the law as I explain it to you, whether you agree with that law or not; and you must not let your decision be influenced in any way by sympathy, or by prejudice, for or against anyone.

The fact that a corporation is involved as a party must not affect your decision in any way. A corporation and all other persons stand equal before the law and must be dealt with as equals in a court of justice. When a corporation is involved, of course, it may act only through people as its employees, and, in general, a corporation is responsible under the law for any of the acts and statements of its employees

that are made within the scope of their duties as
employees of the corporation.

Pattern Jury Instructions (Civil Cases) of the
District Judges Association of the Eleventh Circuit,
Basic Instruction No. 2.2 (2005).


Grant: _____          Deny:    _____


                            _____
                            HONORABLE MYRON H. THOMPSON
                            Judge, U.S. District Court
                            Date: _____

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

LORENA MINIX, BRENDA
SIMS and LINDA SIMS,
    Plaintiffs

VS.                     CIVIL ACTION NO. 3:05-cv-685-T

JELD-WEN, INC. and
RICHARD FETNER,
    Defendants

INDIVIDUAL JURY INSTRUCTIONS
BASIC INSTRUCTION NO. 2

In your deliberations you should consider only the evidence - that is, the testimony of the witnesses and the exhibits I have admitted in the record - but as you consider the evidence, both direct and circumstantial, you may make deductions and reach conclusions which reason and common sense lead you to make. "Direct evidence" is the testimony of one who asserts actual knowledge of a fact, such as an eye witness. "Circumstantial evidence" is proof of a chain of facts and circumstances tending to prove, or disprove, any fact in dispute. The law makes no

distinction between the weight you may give to either

direct or circumstantial evidence.

Pattern Jury Instructions (Civil Cases) of the
District Judges Association of the Eleventh Circuit,
Basic Instruction No. 2.2 (2005).


Grant:    _____          Deny:     _____


_____
HONORABLE MYRON H. THOMPSON
Judge, U.S. District Court
Date:    _____

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

LORENA MINIX, BRENDA
SIMS and LINDA SIMS,
     Plaintiffs

VS.                         CIVIL ACTION NO. 3:05-cv-685-T

JELD-WEN, INC. and
RICHARD FETNER,
     Defendants

INDIVIDUAL JURY INSTRUCTIONS
BASIC INSTRUCTION NO. 3

     Remember that anything the lawyers say is not evidence in this case.  And, except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your decision concerning the facts.  It is your own recollection and interpretation of the evidence that controls.

Pattern Jury Instructions (Civil Cases) of the District Judges Association of the Eleventh Circuit, Basic Instruction No. 2.2 (2005).

Grant: _____          Deny: _____


                    _____
                    HONORABLE MYRON H. THOMPSON
                    Judge, U.S. District Court
                    Date: _____

5

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

LORENA MINIX, BRENDA
SIMS and LINDA SIMS,
    Plaintiffs

VS.                        CIVIL ACTION NO. 3:05-cv-685-T

JELD-WEN, INC. and
RICHARD FETNER,
    Defendants


<u>INDIVIDUAL JURY INSTRUCTIONS</u>
<u>BASIC JURY INSTRUCTION NO. 4</u>


Now, in saying that you must <u>consider</u> all of the
evidence, I do not mean that you must <u>accept</u> all of
the evidence as true or accurate.  You should decide
whether you believe what each witness had to say, and
how important that testimony was.  In making that
decision you may believe or disbelieve any witness, in
whole or in part.  Also, the number of witnesses
testifying concerning any particular dispute is not
controlling.

<u>Pattern Jury Instructions (Civil Cases) of the</u>
<u>District Judges Association of the Eleventh Circuit</u>,
Basic Instruction No. 3 (2005).


Grant:   _____         Deny:   _____

_____
HONORABLE MYRON H. THOMPSON
Judge, U.S. District Court
Date:  _____

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION


LORENA MINIX, BRENDA
SIMS and LINDA SIMS,
    Plaintiffs

VS.                        CIVIL ACTION NO. 3:05-cv-685-T

JELD-WEN, INC. and
RICHARD FETNER,
    Defendants


INDIVIDUAL JURY INSTRUCTIONS
BASIC INSTRUCTION NO. 5


In deciding whether you believe or do not believe any witness, I suggest that you ask yourself a few questions:

Did the witness impress you as one who was telling the truth? Did the witness have any particular reason not to tell the truth? Did the witness have a personal interest in the outcome of the case? Did the witness seem to have a good memory? Did the witness have the opportunity and ability to observe accurately the things he or she testified about? Did the witness appear to understand the questions clearly and answer them directly? Did the

8

witness' testimony differ from other testimony or evidence?

Pattern Jury Instructions (Civil Cases) of the District Judges Association of the Eleventh Circuit, Basic Instruction No. 3 (2005).

Grant: _____          Deny: _____

_____

HONORABLE MYRON H. THOMPSON
Judge, U.S. District Court
Date: _____

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION


LORENA MINIX, BRENDA
SIMS and LINDA SIMS,
    Plaintiffs

VS.                              CIVIL ACTION NO. 3:05-cv-685-T

JELD-WEN, INC. and
RICHARD FETNER,
    Defendants


INDIVIDUAL JURY INSTRUCTIONS
BASIC INSTRUCTION NO. 6


You should also ask yourself whether there was evidence tending to prove that the witness testified falsely concerning some important fact; or, whether there was evidence that at some other time the witness said or did something, or failed to say or do something, which was different from the testimony the witness gave before you during the trial.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people naturally tend to forget some things or remember other things inaccurately. So, if a witness has made a misstatement, you need to

consider whether that misstatement was simply an innocent lapse of memory or an intentional falsehood; and the significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

Pattern Jury Instructions (Civil Cases) of the District Judges Association of the Eleventh Circuit, Basic Instruction No. 4.1 (2005).

Grant: _____          Deny:     _____


                          _____
                          HONORABLE MYRON H. THOMPSON
                          Judge, U.S. District Court
                          Date: _____

11

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION


LORENA MINIX, BRENDA
SIMS and LINDA SIMS,
    Plaintiffs

VS.                   CIVIL ACTION NO. 3:05-cv-685-T

JELD-WEN, INC. and
RICHARD FETNER,
    Defendants


INDIVIDUAL JURY INSTRUCTIONS
BASIC INSTRUCTION NO. 7


In this case, each party asserting a claim or a defense has the responsibility to prove every essential part of the claim or defense by a "preponderance of the evidence." This is sometimes called the "burden of proof" or the "burden of persuasion."

A "preponderance of the evidence" simply means an amount of evidence that is enough to persuade you that a claim or contention is more likely true than not true.

Pattern Jury Instructions (Civil Cases) of the District Judges Association of the Eleventh Circuit, Basic Instruction No. 6.2 (2005).

Grant: _____          Deny: _____

```
_____
HONORABLE MYRON H. THOMPSON
Judge, U.S. District Court
Date:   _____
```

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION


LORENA MINIX, BRENDA
SIMS and LINDA SIMS,
    Plaintiffs

VS.                    CIVIL ACTION NO. 3:05-cv-685-T

JELD-WEN, INC. and
RICHARD FETNER,
    Defendants


INDIVIDUAL JURY INSTRUCTIONS
BASIC INSTRUCTION NO. 7


When more than one claim is involved, and when more than one defense is asserted, you should consider each claim and each defense separately, but in deciding whether any fact has been proven by a preponderance of the evidence, you may consider the testimony of all of the witnesses, regardless of who may have called them, and all of the exhibits received in evidence, regardless of who may have produced them.

If the proof fails to establish any essential part of a claim or contention by a preponderance of the evidence, you should find against the party making that claim or contention.

Pattern  Jury  Instructions  (Civil  Cases)  of  the
District  Judges  Association  of  the  Eleventh  Circuit,
Basic Instruction No. 6.2 (2005).

Grant:     _____          Deny:     _____


_____
HONORABLE MYRON H. THOMPSON
Judge, U.S. District Court
Date: _____

15

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION


LORENA MINIX, BRENDA
SIMS and LINDA SIMS,
    Plaintiffs

VS.                              CIVIL ACTION NO. 3:05-cv-685-T

JELD-WEN, INC. and
RICHARD FETNER,
    Defendants


INDIVIDUAL JURY INSTRUCTIONS
JURY INSTRUCTION
HOSTILE OR ABUSIVE WORK ENVIRONMENT


In this case, plaintiffs make a claim under
federal law which prohibits an employer from
discriminating against an employee in the terms and
conditions of employment because of sex.

Specifically, plaintiffs claim that they were
subjected to unlawful sexual harassment. Plaintiffs
can prove this claim in one of two ways. First,
plaintiffs must show that the alleged sexual
harassment culminated in an adverse employment action,
as hereafter defined. Alternatively, plaintiffs must
show they were subjected to a hostile or abusive work

environment, as hereafter defined, because of the alleged sexual harassment.

The defendant denies plaintiffs' claim and asserts that plaintiffs were not subjected to unlawful sexual harassment.

Burlington Industries, Inc. v. Ellerth, 524 U.S. 742 (1998); Faragher v. City of Boca Raton 524 U.S. 775 (1998); Cotton v. Cracker Barrel Old Country Store, Inc., 434 F.3d 1227, 1231 (11th Cir. 2006).

Grant: _____          Deny: _____

_____
HONORABLE MYRON H. THOMPSON
Judge, U.S. District Court
Date: _____

17

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION


LORENA MINIX, BRENDA
SIMS and LINDA SIMS,
    Plaintiffs

VS.                              CIVIL ACTION NO. 3:05-cv-685-T

JELD-WEN, INC. and
RICHARD FETNER,
    Defendants


<u>INDIVIDUAL JURY INSTRUCTIONS</u>
<u>ADVERSE EMPLOYMENT ACTION</u>


An adverse employment action is an employment decision that "constitutes a significant change in employment status, such as hiring, firing, failing to promote, reassignment with significantly different responsibilities, or a decision causing a significant change in benefits."[1]

"An employment action is not adverse merely because the employee dislikes or disagrees with it."[2]

"[A] change in work assignments, without any tangible

---

[1] <u>Mitchell v. Pope</u>, 2006 WL 1976011 (11th cir. (Ga.) 2006; <u>Mazumber v. University of Michigan</u>, 2006 WL 2310822 (6th Cir. (Mich.) 2006.
[2] <u>Lawrence v. Wal-Mart Stores</u>, 236 F.Supp.2d 1314, 1330 (M.D. Fla. 2002).

harm," is not sufficient to establish an adverse employment action.[3]

Grant: _____          Deny: _____

_____
HONORABLE MYRON H. THOMPSON
Judge, U.S. District Court
Date: _____

_____
[3] Davis v. Town of Lake Park, 245 F.3d 1242, 1245 (11th Cir. 2001).

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

LORENA MINIX, BRENDA
SIMS and LINDA SIMS,
    Plaintiffs

VS.                              CIVIL ACTION NO. 3:05-cv-685-T

JELD-WEN, INC. and
RICHARD FETNER,
    Defendants


INDIVIDUAL JURY INSTRUCTIONS
CAUSATION BETWEEN ADVERSE EMPLOYMENT
ACTION AND SEXUAL HARASSMENT


In order to prevail on their claim, it is not
enough for plaintiffs to simply show that they
suffered an adverse employment action. Rather,
plaintiffs must show a causal link between the adverse
employment action and the alleged sexual harassment.

Cotton v. Cracker Barrel Old Country Store, Inc., 434
F.3d 1227, 1231-32 (11th Cir. 2006).

Grant: _____          Deny:    _____


                        _____
                        HONORABLE MYRON H. THOMPSON
                        Judge, U.S. District Court
                        Date: _____

20

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION


LORENA MINIX, BRENDA
SIMS and LINDA SIMS,
    Plaintiffs

VS.                CIVIL ACTION NO. 3:05-cv-685-T

JELD-WEN, INC. and
RICHARD FETNER,
    Defendants


INDIVIDUAL JURY INSTRUCTIONS
HOSTILE OR ABUSIVE WORK ENVIRONMENT


If you find that plaintiffs did not suffer an
adverse employment action that was causally related to
the alleged sexual harassment, then you must consider
whether plaintiffs were subjected to a hostile or
abusive work environment, as hereafter defined,
because of plaintiffs' sex.

Pipkins v. City of Temple Terrace, 267 F.3d 1197, 1200
n.3 (11th Cir. 2001); Johnson v. Booker T. Washington
Broadcasting, 234 F.3d 501, 508 n.7 (11th Cir. 2000).

Grant:    _____       Deny:     _____


                 _____
                 HONORABLE MYRON H. THOMPSON
                 Judge, U.S. District Court
                 Date: _____

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

LORENA MINIX, BRENDA
SIMS and LINDA SIMS,
     Plaintiffs

VS.                              CIVIL ACTION NO. 3:05-cv-685-T

JELD-WEN, INC. and
RICHARD FETNER,
     Defendants

INDIVIDUAL JURY INSTRUCTIONS
BURDEN OF PROVING
ABUSIVE OR HOSTILE EMPLOYMENT ACTION

To prove sexual harassment based on a hostile or abusive work environment, plaintiffs must prove each of the following facts by a preponderance of the evidence:

First:    That the plaintiffs were subjected to a hostile or abusive work environment, as hereafter defined, because of plaintiffs' sex;

Second: That such hostile or abusive work environment was created by a supervisor with immediate or successively higher authority over the plaintiffs; and,

22

Third:    That the plaintiffs suffered damages as a proximate or legal result of such hostile or abusive work environment.

Pattern Jury Instructions (Civil Cases) of the District Judges Association of the Eleventh Circuit, Federal Claims Instruction No. 1.2.2 (2005).

Grant:    _____          Deny:    _____


                              _____
                              HONORABLE MYRON H. THOMPSON
                              Judge, U.S. District Court
                              Date: _____


23

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

LORENA MINIX, BRENDA
SIMS and LINDA SIMS,
    Plaintiffs

VS.                   CIVIL ACTION NO. 3:05-cv-685-T

JELD-WEN, INC. and
RICHARD FETNER,
    Defendants


INDIVIDUAL JURY INSTRUCTIONS
ELEMENTS OF HOSTILE OR ABUSIVE ENVIRONMENT


A work environment is hostile or abusive because of sexual harassment only if (1) the plaintiffs were subjected to sexually offensive acts or statements; (2) such acts or statements were unwelcome and had not been invited or solicited, directly or indirectly, by the plaintiffs' own acts or statements; (3) such acts or statements resulted in a work environment that was so permeated with discrimination, ridicule, intimidation, or, insult of sufficient severity or pervasiveness that it materially altered the conditions of the plaintiffs' employment; (4) a reasonable person, as distinguished from someone who is unduly sensitive, would have found the workplace to

be hostile or abusive; and (5) the plaintiffs personally believed the workplace environment to be hostile or abusive.

Pattern Jury Instructions (Civil Cases) of the District Judges Association of the Eleventh Circuit, Federal Claims Instruction No. 1.2.2 (2005).

Grant: _____          Deny: _____


_____
HONORABLE MYRON H. THOMPSON
Judge, U.S. District Court
Date: _____

25

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION


LORENA MINIX, BRENDA
SIMS and LINDA SIMS,
    Plaintiffs

VS.                    CIVIL ACTION NO. 3:05-cv-685-T

JELD-WEN, INC. and
RICHARD FETNER,
    Defendants


<u>INDIVIDUAL JURY INSTRUCTIONS</u>
<u>DEFINITION OF HOSTILE OR ABUSIVE ENVIRONMENT</u>


Whether a workplace environment is "hostile" or "abusive" can be determined only by looking at all the circumstances, including the frequency of the discriminatory conduct, its severity, whether it was physically threatening or humiliating, and whether it unreasonably interfered with the employee's work performance. The effect on the employee's mental and emotional well being is also relevant to determining whether the plaintiffs actually found the workplace environment to be hostile or abusive; but while psychological harm, like any other relevant factor, may be taken into account, no single factor is required.

But the law does not guarantee refinement or sophistication in the workplace. Infrequently occurring behavior that is crass and juvenile does not constitute the type of severe behavior that the law prohibits. Conduct such as occasional horseplay, sexual flirtation, sporadic or occasional use of abusive language, gender related jokes, and occasional teasing, does not constitute an abusive or hostile environment. In other words, not all workplace conduct with sexual overtones violates the law. Only extreme conduct amounting to a material change in the terms and conditions of employment is actionable.

Pattern Jury Instructions (Civil Cases) of the District Judges Association of the Eleventh Circuit, Federal Claims Instruction No. 1.2.2 (2005); Meritor Savings Bank v. Vinson, 477 U.S. 57, 67 (1986); Blevins v. Helig-Meyers Corp., 52 F.Supp.2d 1337, 1350-51 (M.D. Ala. 1998); Mitchell v. Pope, 2006 WL 1976011 (11th Cir. (Ga.) 2006).

Grant: _____          Deny: _____

_____
HONORABLE MYRON H. THOMPSON
Judge, U.S. District Court
Date: _____

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION


LORENA MINIX, BRENDA
SIMS and LINDA SIMS,
    Plaintiffs

VS.                CIVIL ACTION NO. 3:05-cv-685-T

JELD-WEN, INC. and
RICHARD FETNER,
    Defendants


INDIVIDUAL JURY INSTRUCTIONS
LIABILITY


When a hostile or abusive work environment is created by the conduct of a supervisor with immediate or successively higher authority over the plaintiffs, the defendant employer is responsible under the law unless the employer establishes the affirmative defenses that I will instruct you about hereafter.

Pattern Jury Instructions (Civil Cases) of the District Judges Association of the Eleventh Circuit, Federal Claims Instruction No. 2.2 (2005).

Grant: _____        Deny: _____


HONORABLE MYRON H. THOMPSON
Judge, U.S. District Court
Date: _____

28

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION


LORENA MINIX, BRENDA
SIMS and LINDA SIMS,
     Plaintiffs

VS.                              CIVIL ACTION NO. 3:05-cv-685-T

JELD-WEN, INC. and
RICHARD FETNER,
     Defendants


INDIVIDUAL JURY INSTRUCTIONS
DAMAGES:  CAUSATION


        In order for the plaintiffs to recover damages

for having been exposed to a discriminatorily hostile

or abusive work environment because of sex, the

plaintiffs must prove that such damages were

proximately or legally caused by the unlawful

discrimination.  For damages to be the proximate or

legal result of unlawful conduct, it must be showed

that, except for such conduct, the damages would not

have occurred.

Pattern Jury Instructions (Civil Cases) of the
District Judges Association of the Eleventh Circuit,
Federal Claims Instruction No. 1.2.2 (2005).

Grant:   _____        Deny:   _____

_____
HONORABLE MYRON H. THOMPSON
Judge, U.S. District Court
Date: _____

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION


LORENA MINIX, BRENDA
SIMS and LINDA SIMS,
     Plaintiffs

VS.                              CIVIL ACTION NO. 3:05-cv-685-T

JELD-WEN, INC. and
RICHARD FETNER,
     Defendants

INDIVIDUAL JURY INSTRUCTIONS
INTERVENING CAUSES


There can be more than one cause of an injury. To find that defendant's act caused plaintiffs' injury, you need not find that defendant's act was the nearest cause, either in time or space. However, if plaintiffs' injury was caused by a later, unrelated event that occurred between defendant's act and plaintiffs' injury, defendant is not liable unless the injury was reasonably foreseeable by defendant.

Model Civil Jury Instructions for the District Courts of the Third Circuit, Section 5.4.1 Title VII Damages—Compensatory Damages—General Instruction (2006).

Grant: _____          Deny:  _____


                    _____
                    HONORABLE MYRON H. THOMPSON
                    Judge, U.S. District Court
                    Date: _____

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

LORENA MINIX, BRENDA
SIMS and LINDA SIMS,
    Plaintiffs

VS.                     CIVIL ACTION NO. 3:05-cv-685-T

JELD-WEN, INC. and
RICHARD FETNER,
    Defendants

<u>INDIVIDUAL JURY INSTRUCTIONS</u>
<u>JELD-WEN'S AFFIRMATIVE DEFENSE (ELLERTH)</u>

If you find that the plaintiffs have proven each of the things they must prove in support of their hostile environment claim, you will then consider defendant JELD-WEN's affirmative defense to that claim.

In order to prevail on the affirmative defense, defendant JELD-WEN must prove each of the following facts by a preponderance of the evidence:

First:    That the defendant exercised reasonable care to prevent any sexually harassing behavior in the workplace; and,

Second:   That the plaintiffs untimely or unreasonably failed to take advantage of the

preventive or corrective opportunities provided by the defendant to avoid or correct the harm or otherwise failed to exercise reasonable care to avoid harm <u>or</u> that, if the plaintiffs did take advantage of preventive or corrective opportunities, the defendant responded by taking reasonable and prompt corrective action.

<u>Pattern Jury Instructions (Civil Cases) of the</u>
<u>District Judges Association of the Eleventh Circuit,</u>
Federal Claims Instruction No. 1.2.2 (2005).

Grant: _____          Deny: _____

_____
HONORABLE MYRON H. THOMPSON
Judge, U.S. District Court
Date: _____

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION


LORENA MINIX, BRENDA
SIMS and LINDA SIMS,
    Plaintiffs

VS.                                CIVIL ACTION NO. 3:05-cv-685-T

JELD-WEN, INC. and
RICHARD FETNER,
    Defendants


INDIVIDUAL JURY INSTRUCTIONS
JELD-WEN'S AFFIRMATIVE DEFENSE:  REASONABLE CARE


Ordinarily, proof of the following facts will suffice to establish the exercise of "reasonable care" by the employer:  (a) that the employer has provided a policy to its employees that prohibits sexual harassment in the workplace; (b) that the employer has given its employees the anti-harassment policy; and (c) that the anti-harassment policy tells the employees which supervisors they can call or contact to make a sexual harassment complaint.  Conversely, proof that an employee did not follow the complaint procedures provided by the employer will ordinarily suffice to establish that the employee "unreasonably failed" to take advantage of a corrective opportunity.

34

<u>Pattern   Jury   Instructions   (Civil   Cases)   of   the</u>
<u>District   Judges   Association   of   the   Eleventh   Circuit</u>,
Federal Claims Instruction No. 1.2.2 (2005).

Grant: _____          Deny:    _____


_____
HONORABLE MYRON H. THOMPSON
Judge, U.S. District Court
Date: _____

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION


LORENA MINIX, BRENDA
SIMS and LINDA SIMS,
     Plaintiffs

VS.                          CIVIL ACTION NO. 3:05-cv-685-T

JELD-WEN, INC. and
RICHARD FETNER,
     Defendants


INDIVIDUAL JURY INSTRUCTIONS
EMPLOYEE DUTY TO COOPERATE IN EMPLOYER'S EFFORTS
TO MAINTAIN HARASSMENT-FREE WORK ENVIRONMENT


Employees must provide employers an opportunity
to correct alleged harassment because illegal
harassment cannot be corrected without the employee's
help and cooperation. An employee may find it
difficult to complain about sexual harassment because
of psychological burdens and anticipated complications
of making a complaint. However, sexual harassment in
the workplace cannot be corrected without the
cooperation of employees who have been harassed, even
though it may be difficult for them to complain about
the harassment. When an employer has provided its
employees with a policy that prohibits sexual

harassment in the workplace, an employee must tell the employer according to the employer's anti-harassment policy that its rules against sexual harassment have been violated so that the employer can have an opportunity to stop the harassment.

Reporting sexually offensive conduct by a supervisor may be both uncomfortable and scary. But, the law necessarily requires that the employee make this painful potentially effort before you may impose liability or award damages to the harassed employee. Thus, an employee who claims to have been sexually harassed cannot use as an excuse their subjective fear that the employer will retaliate or take revenge against the employee who complains. Subjective fear simply does not excuse the employee's failure to report a supervisor's alleged harassment. If the harassed employee could have avoided harm and did not, by following the employer's anti-harassment policy, then the employer should not be found responsible for the employee's damages, if any.

Faragher v. City of Boca Raton, 524 U.S. 775, 807 (1998); Walton v. Johnson & Johnson Serv., Inc., 347 F.3d 1272, 1290-91 (11th Cir. 2003) cert. denied, 124 S.Ct. 1714 (2004); Madray v. Publix Supermarkets, 208

F.3d 1290, 1302 (11th Cir. 1999); <u>Reed v. MBNA Mktg.
Sys., Inc.</u>, 333 F.3d 27, 35 (1st Cir. 2003).

Grant: _____          Deny:      _____


_____
HONORABLE MYRON H. THOMPSON
Judge, U.S. District Court
Date: _____

38

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION


LORENA MINIX, BRENDA
SIMS and LINDA SIMS,
    Plaintiffs

VS.                    CIVIL ACTION NO. 3:05-cv-685-T

JELD-WEN, INC. and
RICHARD FETNER,
    Defendants


INDIVIDUAL JURY INSTRUCTIONS
DAMAGES IN GENERAL


    I am now going to instruct you on damages. Just because I am instructing you on how to award damages does not mean that I have any opinion on whether or not JELD-WEN should be held liable. If you find that the plaintiffs have proven their federal law claims, and that JELD-WEN has not proven its affirmative defenses, you must then determine the amount of damages, if any, the plaintiffs have sustained.

    The plaintiffs have the burden of proving compensatory damages by a preponderance of the evidence. Plaintiffs must establish that they suffered demonstrable emotional distress, which must be sufficiently articulated. Conclusory statements

that they suffered emotional distress are not sufficient to award plaintiffs any damages. Only genuine emotional injuries are sufficient to support an award of damages. If the plaintiffs' evidence, including their own testimony and the testimony of their respective health care providers, does not establish that they have experienced emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life because of the defendant's conduct, then plaintiffs cannot recover compensatory damages. If you determine that the plaintiffs have proven by a preponderance of the evidence that they have experienced emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, you may award plaintiffs damages for those injuries.

When considering the amount of monetary damages to which the plaintiffs may be entitled, you should consider the nature, character, and seriousness of any pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, the plaintiff felt.

No evidence of the monetary value of such intangible things as pain and suffering has been, or need be, introduced into evidence. There is no exact

standard for fixing the compensation to be awarded for these elements of damage. Any award you make should be fair in light of the evidence presented at the trial.

However, plaintiffs must show that the injury would not have occurred but for the defendant's allegedly unlawful conduct. Plaintiffs must also show that defendant's unlawful conduct played a substantial part in bringing about the injury, and that the injury was either a direct result or a reasonably probable consequence of defendant's unlawful conduct. On the other hand, if plaintiffs fail to prove defendant's conduct actually played a substantial part in bringing about that injury, then plaintiffs cannot recover any damages.

I instruct you that in awarding compensatory damages, you are not to award damages for the amount of wages that plaintiffs would have earned, either in the past or in the future. These elements of recovery of wages that plaintiffs would have received from defendant are called "back pay" and "front pay." Under the applicable law, the determination of "back pay" and "front pay" is for the Court.

Pattern Jury Instructions (Civil Cases) of the District Judges Association of the Eleventh Circuit, Federal Claims Instruction No. 2.2 (2005); Federal Jury Practice & Instructions, Pattern & Model Jury Instructions - Civil Model Civil Jury Instructions for the District Courts of the Third Circuit, 5.4.1 (2006); Model Jury Instructions Employment Litigation, §1.07[1] (2d Ed.2005); Akouri v. State of Florida, 408 F.3d 1338, 1345 (11th Cir. 2005).

Grant: _____          Deny:     _____


_____
HONORABLE MYRON H. THOMPSON
Judge, U.S. District Court
Date: _____

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION


LORENA MINIX, BRENDA
SIMS and LINDA SIMS,
     Plaintiffs

VS.                          CIVIL ACTION NO. 3:05-cv-685-T

JELD-WEN, INC. and
RICHARD FETNER,
     Defendants


INDIVIDUAL JURY INSTRUCTIONS
TYPES OF DAMAGES
AND PLAINTIFFS' DUTY TO MITIGATE


You should consider the following elements of damage, to the extent you find them proven by a preponderance of the evidence, and no others:

(a)  Emotional pain and mental anguish;

(b)  Punitive damages, if any (as explained

in the Court's instructions.)

You are instructed that any person who claims damages as a result of an alleged wrongful act on the part of another has a duty under the law to "mitigate" those damages — that is, to take advantage of any reasonable opportunity that may have existed under the

circumstances to reduce or minimize the loss or

damage.

Pattern Jury Instructions (Civil Cases) of the
District Judges Association of the Eleventh Circuit,
Federal Claims Instruction No. 1.2.2 (2005). (The
last paragraph has been omitted because of its
inapplicability.)

Grant: _____              Deny:    _____


                          _____
                          HONORABLE MYRON H. THOMPSON
                          Judge, U.S. District Court
                          Date: _____

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

LORENA MINIX, BRENDA
SIMS and LINDA SIMS,
      Plaintiffs

VS.                          CIVIL ACTION NO. 3:05-cv-685-T

JELD-WEN, INC. and
RICHARD FETNER,
      Defendants

INDIVIDUAL JURY INSTRUCTIONS
DAMAGES:  LIMITATIONS

You may not award the plaintiffs damages based
upon the abstract value or importance of the
plaintiffs' right to a workplace free of
discrimination.

Memphis Community School District v. Stachura, 477
U.S. 299 (1986); Carey v. Piphus, 435 U.S. 247 (1978).

Grant:      _____          Deny:      _____


                        _____
                        HONORABLE MYRON H. THOMPSON
                        Judge, U.S. District Court
                        Date: _____

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

LORENA MINIX, BRENDA
SIMS and LINDA SIMS,
    Plaintiffs

VS.                                        CIVIL ACTION NO. 3:05-cv-685-T

JELD-WEN, INC. and
RICHARD FETNER,
    Defendants

INDIVIDUAL JURY INSTRUCTIONS
ATTORNEY FEES

    If you find for the plaintiffs, you must not take into account any consideration of attorney's fees or court costs in deciding the amount of plaintiffs' damages. The matter of attorney's fees and court costs will be decided later by the Court.

Pattern Jury Instructions (Civil Cases) of the District Judges Association of the Eleventh Circuit, Supplemental Damages Instruction No. 6.1 (2005).

Grant: _____                    Deny: _____

                                  _____
                                  HONORABLE MYRON H. THOMPSON
                                  Judge, U.S. District Court
                                  Date: _____

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION


LORENA MINIX, BRENDA
SIMS and LINDA SIMS,
    Plaintiffs

VS.                   CIVIL ACTION NO. 3:05-cv-685-T

JELD-WEN, INC. and
RICHARD FETNER,
    Defendants


## INDIVIDUAL JURY INSTRUCTIONS
## PUNITIVE DAMAGES


    The plaintiffs also claim that the acts of JELD-WEN were done with malice or reckless indifference to the plaintiffs' federal protected rights so as to entitle the plaintiffs to an award of punitive damages in addition to compensatory damages.

    In some cases punitive damages may be awarded for the purpose of punishing the defendant for its wrongful conduct and to deter others from engaging in similar wrongful conduct. However, an employer may not be held liable for punitive damages because of discriminatory acts on the part of its managerial employees where those acts by such employees are contrary to the employer's own good faith efforts to

comply with the law by implementing policies and programs designed to prevent such unlawful discrimination in the workplace.

So, an award of punitive damages would be appropriate only if you find for the plaintiffs and then further find from a preponderance of the evidence (1) that a higher management official of the defendant personally acted with malice or reckless indifference to the plaintiffs' federally protected rights, and (2) that the other higher management officials of the defendant had not acted in a good faith attempt to comply with the law by adopting policies and procedures designed to prohibit such discrimination in the workplace.

A "higher management official" is an executive in the corporate structure of a company such as a director, president, vice-president, or general counsel. A low level manager or supervisor in a large company is not considered a "higher management official." The higher management official must have actual knowledge of the discriminatory conduct for the defendant to be found liable for punitive damages.

When assessing punitive damages, you must be mindful that punitive damages are meant to punish the defendant for the specific conduct that harmed the plaintiffs in the case and for only that conduct. For example, you cannot assess punitive damages for the defendant being in a business you do not like. Punitive damages are meant to punish the defendant for this conduct only and not for conduct that occurred at another time. Your only task is to punish the defendant for the actions it took in this particular case.

Pattern Jury Instructions (Civil Cases) of the District Judges Association of the Eleventh Circuit, Federal Claims Instruction No. 2.1 (2005).

Dudley v. Wal-Mart Stores, Inc., 166 F.3d 1317, 1322-1323 (11th Cir. 1999); Wilbur v. Correctional Services Corp., 393 F.3d 1192, 1204-1205 (11th Cir. 2004).

Grant: _____          Deny: _____


_____
HONORABLE MYRON H. THOMPSON
Judge, U.S. District Court
Date: _____

49

Respectfully Submitted,

s/Michael L. Thompson
Michael L. Thompson THO152

OF COUNSEL:
LEHR MIDDLEBROOKS & VREELAND, P.C.
P.O. Box 11945
Birmingham, Alabama 35202-1945
(205) 326-3002

Scott Scofield, Esq.
Scofield, Gerard, Singletary & Pohorelsky
1114 Ryan Street
P.O. Drawer 3028
Lake Charles, LA  70601
(337) 433-9436

## CERTIFICATE OF SERVICE

I hereby certify that on October 11, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

James B. Douglas, Jr., Esq.
McNeal & Douglas, Attorneys at Law, L.L.C.
P.O. Box 1423
Auburn, AL  36831

Matthew W. White, Esq.
Adams, Umbach, Davidson & White, LLP
P.O. Box 2069
Opelika, AL  36803-2069

Respectfully submitted,

s/Michael L. Thompson THO152
Michael L. Thompson THO152
Lehr Middlebrooks & Vreeland, P.C.
P.O. Box 11945
Birmingham, AL 35202-1945
Phone:  (205) 326-3002
Fax:  (205) 326-3008
E-mail: mthompson@lehrmiddlebrooks.com
Bar No.: ASB-5417-O46M