```
          UNITED STATES DISTRICT COURT
          MIDDLE DISTRICT OF ALABAMA
               EASTERN DIVISION
```

LORENA MINIX, BRENDA
SIMS and LINDA SIMS,
    Plaintiffs

VS.                         CIVIL ACTION NO. 3:05-cv-685-T

JELD-WEN, INC. and
RICHARD FETNER,
    Defendants

### SPECIAL INTERROGATORIES TO THE JURY

Title VII - Civil Rights Act Sex Discrimination Hostile Work Environment Created By Supervisor (With Affirmative Defense by Employer)

Do you find that plaintiff Lorena Minix has proven by a preponderance of the evidence:

1. That Lorena Minix was subject to a hostile or abusive work environment because of her sex?

   Answer Yes or No: _____

2. That such hostile or abusive work environment was created by a supervisor with immediate or successively higher authority over Lorena Minix?

   Answer Yes or No: _____

    3.    That Lorena Minix suffered damages as a proximate or legal result of such hostile or abusive work environment?

        Answer Yes or No: _____

[Note: If you answered No to any one of the preceding three questions, please do not answer the remaining questions. The Foreperson should then sign his or her name at the end of this document and notify the Court that you have completed your deliberations.]

    4.    Do you find that defendant JELD-WEN has proven by a preponderance of the evidence that JELD-WEN exercised reasonable care to prevent sexually harassing behavior in the workplace?

        Answer Yes or No: _____

5(a) Do you find that defendant JELD-WEN has proven by a preponderance of the evidence that plaintiff Lorena Minix unreasonably or untimely failed to follow JELD-WEN's anti-harassment policy by complaining to the correct JELD-WEN supervisors or the JELD-WEN legal department as set forth in JELD-WEN's anti-harassment policy?

      Answer Yes or No: _____

      OR

5(b) Do you find that defendant JELD-WEN has proven by a preponderance of the evidence that if or when plaintiff Lorena Minix did properly complain in accordance with JELD-WEN's anti-harassment policy, JELD-WEN then responded by taking reasonably prompt action to stop the harassment?

      Answer Yes or No: _____

[Note: If you answered Yes to both questions 4 and 5(a) or 5(b), please do not answer the remaining questions. The Foreperson should then sign his or her name at the end of this document and notify the Court that you have completed your deliberations.]

6. Do you find that Lorena Minix has proven by a preponderance of the evidence that she should be awarded damages to compensate for emotional pain and mental anguish?

      Answer Yes or No: _____

If your answer is Yes, in what amount has plaintiff Lorena Minix proven by a preponderance

3

of the evidence that she should be awarded?

$_____.

7. Did plaintiff Lorena Minix prove by a preponderance of the evidence:

(a) That a high management official of defendant JELD-WEN acted with malice or reckless indifference to plaintiff Lorena Minix's federally protected rights?

Answer Yes or No: _____

(b) If your answer is Yes to question 7(a), that JELD-WEN itself approved or tolerated the malicious or reckless discriminatory conduct by failing to adopt policies and procedures designed to prohibit such discrimination in the workplace?

Answer Yes or No: _____

[Note: If you answered No to question 7(a) or 7(b), please do not answer the remaining questions. The Foreperson should then sign his or her name at the end of this document and notify the Court that you have completed your deliberations.]

(c) If your answer to both questions 7(a) and (b) is Yes, what amount of punitive damages,

4

      if any, should be assessed against the defendant? $_____.

See, <u>Meritor Savings Bank v. Vinson</u>, 477 U.S. 57, 106 S.Ct. 2399, 91 L.Ed.2d 49 (1986) and <u>Harris v. Fork Lift Systems, Inc.</u>, 510 U.S. 17, 114 S.Ct. 367, 126 L.Ed.2d 295 (1993).

The remainder of the instruction is derived from <u>Faragher v. City of Boca Raton</u>, 111 F.3d 1530 (11th Cir. 1997) *en banc*.

<u>Faragher</u>, 118 S.Ct. 2275, 2293 (1998). Accord, <u>Burlington Indust. v. Ellerth</u>, 118 S.Ct. 2257 (1998).

<u>Wilbur v. Correctional Services Corp.</u>, 393 F.3d 1192, 1204-1205 (11th Cir. 2004); <u>Dudley v. Wal-Mart Stores, Inc.</u>, 166 F.3d 1317, 1322-1323 (11th Cir. 1999).

Grant: _____        Deny: _____

 

_____
JURY FOREPERSON
Date: _____

                                Respectfully Submitted,

                                s/Michael L. Thompson
                                Michael L. Thompson THO152

OF COUNSEL:
LEHR MIDDLEBROOKS & VREELAND, P.C.
P.O. Box 11945
Birmingham, Alabama 35202-1945
(205) 326-3002

Scott Scofield, Esq.
Scofield, Gerard, Singletary & Pohorelsky
1114 Ryan Street
P.O. Drawer 3028
Lake Charles, LA 70601
(337) 433-9436

## CERTIFICATE OF SERVICE

     I hereby certify that on October 11, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

                          James B. Douglas, Jr., Esq.
                          McNeal & Douglas, Attorneys at Law, L.L.C.
                          P.O. Box 1423
                          Auburn, AL 36831

                          Matthew W. White, Esq.
                          Adams, Umbach, Davidson & White, LLP
                          P.O. Box 2069
                          Opelika, AL 36803-2069

                                Respectfully submitted,


                                s/Michael L. Thompson THO152
                                Michael L. Thompson THO152
                                Lehr Middlebrooks & Vreeland, P.C.
                                P.O. Box 11945
                                Birmingham, AL 35202-1945
                                Phone: (205) 326-3002
                                Fax: (205) 326-3008
                                E-mail: mthompson@lehrmiddlebrooks.com
                                Bar No.: ASB-5417-O46M